MARC E. ELIAS, ESQ. (D.C. Bar No. 442007) (*pro hac vice forthcoming*)
HENRY J. BREWSTER, ESQ. (D.C. Bar No. 1033410) (*pro hac vice forthcoming*)
COURTNEY A. ELGART, ESQ. (D.C. Bar No. 1645065) (*pro hac vice forthcoming*)
**PERKINS COIE LLP**
700 Thirteenth St. NW, Suite 800
Washington, D.C. 20005-3960
Tel: (202) 654-6200
melias@perkinscoie.com
hbrewster@perkinscoie.com
celgart@perkinscoie.com

ABHA KHANNA, ESQ. (Wash. Bar No. 42612) (*pro hac vice forthcoming*)
JONATHAN P. HAWLEY, ESQ. (SBN 319464), *counsel for service*
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Tel: (206) 359-8000
akhanna@perkinscoie.com
jhawley@perkinscoie.com

*Attorneys for Proposed Intervenor-Defendants
DCCC and California Democratic Party*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL ISSA, JAMES B. OERDING, JERRY GRIFFIN, MICHELLE BOLOTIN, and MICHAEL SIENKIEWICZ,<br><br>Plaintiffs,<br><br>v.<br><br>GAVIN NEWSOM, in his official capacity as Governor of the State of California, and ALEX PADILLA, in his official capacity as Secretary of State of California,<br><br>Defendants,<br><br>and<br><br>DCCC and CALIFORNIA DEMOCRATIC | Case No.: 2:20-cv-01044-MCE-CKD<br><br>**NOTICE OF MOTION TO INTERVENE AS DEFENDANTS**<br><br>DATE: July 9, 2020<br>TIME: 2:00 P.M.<br>COURTROOM: 7<br>JUDGE: Hon. Morrison C. England, Jr. |

NOTICE OF MOTION TO INTERVENE AS DEFENDANTS—PAGE 1

PARTY,

        Proposed Intervenor-Defendants.

TO: ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on July 9, 2020 at 2 p.m., or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable Morrison C. England, Jr., Senior United States District Judge, Courtroom 7, located at 501 I Street, Sacramento, CA 95814, Proposed Intervenor-Defendants hereby move the Court for and order granting their Motion to Intervene as Defendants.

This Motion is based on the instant Notice, Motion, and Proposed Answer submitted herewith, the pleadings and other matters on file in this case, and on such other and further argument and evidence as may be presented to the Court at the hearing of this matter.

DATED this 3rd day of June, 2020

**PERKINS COIE LLP**

By: *s/ Jonathan P. Hawley*
    Jonathan P. Hawley, Esq.
    Abha Khanna, Esq.*
    1201 Third Avenue, Suite 4900
    Seattle, Washington 98101-3099

    Marc E. Elias, Esq.*
    Henry J. Brewster, Esq.*
    Courtney A. Elgart, Esq.*
    700 Thirteenth St. NW, Suite 800
    Washington, D.C. 20005-3960

    *Attorneys for Proposed Intervenor-Defendants DCCC and California Democratic Party*

    *Pro hac vice applications forthcoming

NOTICE OF MOTION TO INTERVENE AS DEFENDANTS—PAGE 2

MARC E. ELIAS, ESQ. (D.C. Bar No. 442007) (*pro hac vice forthcoming*)
HENRY J. BREWSTER, ESQ. (D.C. Bar No. 1033410) (*pro hac vice forthcoming*)
COURTNEY A. ELGART, ESQ. (D.C. Bar No. 1645065) (*pro hac vice forthcoming*)
**PERKINS COIE LLP**
700 Thirteenth St. NW, Suite 800
Washington, D.C. 20005-3960
Tel: (202) 654-6200
melias@perkinscoie.com
hbrewster@perkinscoie.com
celgart@perkinscoie.com

ABHA KHANNA, ESQ. (Wash. Bar No. 42612) (*pro hac vice forthcoming*)
JONATHAN P. HAWLEY, ESQ. (SBN 319464), *counsel for service*
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Tel: (206) 359-8000
akhanna@perkinscoie.com
jhawley@perkinscoie.com

*Attorneys for Proposed Intervenor-Defendants
DCCC and California Democratic Party*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL ISSA, JAMES B. OERDING, JERRY GRIFFIN, MICHELLE BOLOTIN, and MICHAEL SIENKIEWICZ,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>GAVIN NEWSOM, in his official capacity as Governor of the State of California, and ALEX PADILLA, in his official capacity as Secretary of State of California,<br><br>　　　　　　　Defendants,<br><br>and<br><br>DCCC and CALIFORNIA DEMOCRATIC | Case No.:   2:20-cv-01044-MCE-CKD<br><br>**MOTION TO INTERVENE AS DEFENDANTS** |

MOTION TO INTERVENE AS DEFENDANTS—PAGE 1

PARTY,

                Proposed Intervenor-Defendants.

Pursuant to Federal Rule of Civil Procedure 24, Proposed Intervenor-Defendants DCCC and California Democratic Party (together, "Proposed Intervenors") move to intervene as defendants in the above-titled action.

Plaintiffs Darrell Issa, James B. Oerding, Jerry Griffin, Michelle Bolotin, and Michael Sienkiewicz challenge the election plans instituted by Defendants Gavin Newsom, the Governor of California (the "Governor"), and Alex Padilla, the California Secretary of State, for the November 3, 2020 general election (the "Election"). Defendants' decision to implement a primarily all-mail system for the Election is not only reasonable, but constitutionally required to ensure that all eligible California voters can safely exercise their franchise in the midst of the coronavirus pandemic. Plaintiffs allege a slew of claims in an attempt to undermine Defendants' effort to protect California voters during an unprecedented public health crisis. In so doing, they pose a clear and direct threat to Proposed Intervenors' rights and legal interests.

For the reasons set forth below, Proposed Intervenors are entitled to intervene in this case as a matter of right under Rule 24(a)(2). Such intervention is needed not only to ensure the fairness of the Election but also to safeguard the substantial and distinct legal interests of Proposed Intervenors, which will otherwise be inadequately represented in the litigation. In the alternative, Proposed Intervenors should be granted permissive intervention pursuant to Rule 24(b). In accordance with Rule 24(c), a proposed Answer is attached as Exhibit 1.

## BACKGROUND

In response to the unprecedented public health crisis dominating headlines and impacting daily lives across the globe, the Governor proclaimed a state of emergency on March 4, 2020. *See* Complaint, ECF No. 1, ¶ 27, Ex. 1. Two months later, in an effort to both protect and assist voters during the pandemic, the Governor issued Executive Order ("EO") N-64-20 on May 8. *Id.* ¶ 35,

MOTION TO INTERVENE AS DEFENDANTS—PAGE 2

Ex. 2. Among other provisions, EO N-64-20 requires that

> county election officials shall transmit vote-by-mail ballots for the [Election] to all voters who are, as of the last day on which vote-by-mail ballots may be transmitted to voters in connection with that election, registered to vote in that election. . . . [E]very Californian who is eligible to vote in the [Election] shall receive a vote-by-mail ballot.

*Id.*, Ex. 2 at 2. The distribution of mail ballots will be accompanied by meaningful opportunities for in-person voting, as well as a publicity campaign to educate California voters. *Id.*, Ex. 2 at 2–3.

Plaintiffs, backed by the conservative group Judicial Watch, subsequently filed this complaint to block Californians' access to the ballot.[1]

## STANDARD OF LAW

"Rule 24 traditionally receives liberal construction in favor of applicants for intervention." *Arkaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003); *see also Conservation Cong. v. U.S. Forest Serv.*, No. 2:16-cv-00864-MCE-AC, 2018 WL 529484, at *1 (E.D. Cal. Jan. 23, 2018) (noting that "[a] liberal policy in favor of intervention serves both efficient resolution of issues and broadened access to the courts" and "prevent[s] or simplif[ies] future litigation involving related issues" (quoting *United States v. City of Los Angeles*, 288 F.3d 391, 397–98 (9th Cir. 2002))).

"To determine whether a party may intervene as of right" under Rule 24(a)(2), courts "employ a four-part test":

> (1) the motion must be timely; (2) the applicant must claim a "significantly protectable interest" in the action; (3) the disposition of the action must as a practical matter impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest may be inadequately represented by the other parties.

*W. States Trucking Ass'n v. Schoorl*, No. 2:18-cv-1989-MCE-KJN, 2018 WL 5920148, at *1 (E.D. Cal. Nov. 13, 2018) (quoting *Allied Concrete & Supply Co. v. Baker*, 904 F.3d 1053, 1067 (9th

---

[1] *See, e.g.*, Jeremy B. White, *Issa Sues California Over November Mail-Ballot Election*, Politico (May 21, 2020), https://www.politico.com/states/california/story/2020/05/21/issa-sues-california-over-november-mail-ballot-election-1285467.

MOTION TO INTERVENE AS DEFENDANTS—PAGE 3

Cir. 2018)).

A court may grant permissive intervention to a party under Rule 24(b) "if that party shows '(1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common.'" *Conservation Cong.*, 2018 WL 529484, at *1 (quoting *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 839 (9th Cir. 1996)).

## ARGUMENT

**I.  Proposed Intervenors satisfy Rule 24(a)(2)'s requirements for intervention as a matter of right.**

Proposed Intervenors satisfy each of the four requirements of Rule 24(a)(2).

*First*, the motion is timely. Plaintiffs filed their complaint on May 21, 2020; this motion follows less than two weeks later, before any significant action in the case. There has been no delay, and there is no possible risk of prejudice to the other parties. *See League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997); *see also Conservation Cong.*, 2018 WL 529484, at *2 (granting motion to intervene filed nearly one year after action commenced); *Cal. Dump Truck Owners Ass'n v. Nichols*, 275 F.R.D. 303, 306 (E.D. Cal. 2011) (granting motion to intervene filed in April where "Plaintiff filed its case in February, amended its complaint at the beginning of April and no substantive proceedings have been had").

*Second* and *third*, Proposed Intervenors have significant protectable interests in this lawsuit that might be impaired by Plaintiffs' causes of action. "[G]iven the liberal policy in favor of intervention, a would-be intervenor's interest is deemed 'significantly protectable' under the Ninth Circuit's test when it 'is protectable under some law, and . . . there is a relationship between the legally protected interest and the claims at issue' such that the intervenor may 'suffer a practical impairment of its interests as a result of the pending litigation.'" *W. States Trucking*, 2018 WL 5920148, at *2 (second alteration in original) (quoting *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1179 (9th Cir. 2011)). In assessing whether such an interest is sufficiently "impair[ed] or impede[d]," Fed. R. Civ. P. 24(a)(2), courts "look[] to the 'practical consequences' of denying

MOTION TO INTERVENE AS DEFENDANTS—PAGE 4

intervention." *Nat. Res. Def. Council v. Costle*, 561 F.2d 904, 909 (D.C. Cir. 1977) (quoting *Nuesse v. Camp*, 385 F.2d 694, 702 (D.C. Cir. 1967)); *see also Conservation Cong.*, 2018 WL 529484, at *1 ("In evaluating whether [Rule 24(a)'s] requirements are met, courts 'are guided primarily by practical and equitable considerations.'" (quoting *City of Los Angeles*, 288 F.3d at 397)).

Plaintiffs' challenge to Defendants' plans to conduct the Election primarily by mail compromises Proposed Intervenors' legally protected interests. Without expansive options to vote by mail, many voters will be forced to choose between risking their health to vote in person and participating in the Election. If Plaintiffs succeed and Defendants' plans to mail ballots to registered voters are thwarted, then fewer Democratic voters will have an opportunity to vote in the Election. Proposed Intervenors—both of which are organizations dedicated to promoting the franchise and ensuring the election of Democratic Party candidates—have a cognizable interest in asserting the rights of their members who would lose the ability to cast ballots. *See Crawford v. Marion Cty. Election Bd.*, 472 F.3d 949, 951 (7th Cir. 2007) ("The Democratic Party [] has standing to assert the rights of those of its members who will be prevented from voting by the new law."), *aff'd*, 553 U.S. 181 (2008).

This lawsuit also risks interference with Proposed Intervenors' electoral prospects. If Plaintiffs' challenge is successful, the result will be far less robust voter turnout among Democratic Party supporters. Courts have routinely concluded that interference with a political party's electoral prospects constitutes a direct injury that satisfies Article III standing, which goes beyond the requirement needed for intervention under Rule 24(a)(2) in this case. *See, e.g.*, *Owen v. Mulligan*, 640 F.2d 1130, 1132 (9th Cir. 1981) (holding that "the potential loss of an election" is sufficient injury to confer Article III standing); *Tex. Democratic Party v. Benkiser*, 459 F.3d 582, 586–87 (5th Cir. 2006) (recognizing that "harm to [] election prospects" constitutes "a concrete and particularized injury"); *Ohio Org. Collaborative v. Husted*, 189 F. Supp. 3d 708, 726 (S.D. Ohio 2016) (political party "established an injury in fact" where "the challenged provisions will make it more difficult for its members and constituents to vote"), *rev'd on other grounds sub nom. Ohio Democratic Party v. Husted*, 834 F.3d 620 (6th Cir. 2016); *N.C. State Conference of NAACP*

MOTION TO INTERVENE AS DEFENDANTS—PAGE 5

*v. McCrory*, 997 F. Supp. 2d 322, 342 (M.D.N.C. 2014) (political party has "direct, particularized interest in the outcome of an election"), *aff'd in part, rev'd in part on other grounds sub nom. League of Women Voters of N.C. v. North Carolina*, 769 F.3d 224 (4th Cir. 2014); *see also Town of Chester v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1651 (2017) (noting that an intervenor by right only needs "Article III standing in order to pursue relief that is different from that which is sought by a party with standing").

Moreover, the disruptive and disenfranchising effects of Plaintiffs' action would require Proposed Intervenors to divert resources to address the lack of mail ballots—another legally protected interest that is implicated by Plaintiffs' claims. *See, e.g.*, *Crawford*, 472 F.3d at 951 (concluding that "new law injures the Democratic Party by compelling the party to devote resources to getting to the polls those of its supporters who would otherwise be discouraged by the new law from bothering to vote"); *Democratic Nat'l Comm. v. Reagan*, 329 F. Supp. 3d 824, 841 (D. Ariz. 2018) (finding standing where law "require[d] Democratic organizations . . . to retool their [get-out-the-vote] strategies and divert [] resources"), *rev'd on other grounds sub nom. Democratic Nat'l Comm. v. Hobbs*, 948 F.3d 989 (9th Cir. 2020) (en banc).

***Fourth***, Proposed Intervenors cannot rely on the parties in this case to adequately represent their interests. Courts consider "three factors in determining the adequacy of representation":

> (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect.

*Arakaki*, 324 F.3d at 1086. "The 'most important factor' in assessing the adequacy of representation is 'how the interest compares with the interests of existing parties.'" *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011) (quoting *Arakaki*, 324 F.3d at 1086). This fourth intervention requirement "is satisfied if the applicant shows that representation of his interest 'may be' inadequate, and the burden of making that showing should be treated as minimal." *W. States Trucking*, 2018 WL 5920148, at *2 (quoting *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972)).

MOTION TO INTERVENE AS DEFENDANTS—PAGE 6

Like Defendants, Proposed Intervenors support the expansion of vote by mail for the Election and vigorously dispute Plaintiffs' contentions that mail voting is either unconstitutional or likely to result in increased fraud. But ultimately, Proposed Intervenors and Defendants have interests and concerns that diverge, and so Proposed Intervenors' interests are not shared by any party in this litigation. While Defendants have an undeniable interest in defending both their plans for the Election and their inherent powers as state executives, Proposed Intervenors have a different focus: ensuring that each of their members in California and each voter they represent through their efforts has a meaningful opportunity to cast a ballot. Courts have "often concluded that governmental entities do not adequately represent the interests of aspiring intervenors." *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 736 (D.C. Cir. 2003); *accord Citizens for Balanced Use*, 647 F.3d at 899 ("[T]he government's representation of the public interest may not be 'identical to the individual parochial interest' of a particular group just because 'both entities occupy the same posture in the litigation.'" (quoting *WildEarth Guardians v. U.S. Forest Serv.*, 573 F.3d 992, 996 (10th Cir. 2009))); *cf. Paher v. Cegavske*, No. 3:20-cv-00243-MMD-WGC, 2020 WL 2042365, at *3 (D. Nev. Apr. 28, 2020) (concluding that "Proposed Intervenors . . . have demonstrated entitlement to intervene as a matter of right" where they "may present arguments about the need to safeguard [the] right to vote that are distinct from Defendants' arguments"). That is the case here, where Proposed Intervenors have specific interests and concerns—from their overall electoral prospects to the most efficient use of their limited resources to promote get-out-the-vote-efforts—that neither Defendants nor any other party in this lawsuit share. *Cf. Associated Gen. Contractors of Am. v. Cal. Dep't of Transp.*, No. 09-01622, 2009 WL 5206722, at *2–3 (E.D. Cal. Dec. 23, 2009) (granting intervention where defendant state agency's "main interest is ensuring safe public roads and highways" and agency "is not charged by law with advocating on behalf of minority business owners" as intervenors would).

In short, Defendants do not have sufficiently congruent interests "such that [they] will undoubtedly make all of" Proposed Intervenors' arguments. *Arakaki*, 324 F.3d at 1086. While Proposed Intervenors and Defendants "may share the same 'ultimate objective'"—ensuring that

MOTION TO INTERVENE AS DEFENDANTS—PAGE 7

Californians can vote by mail in the Election—"the parties' interests are neither 'identical' nor 'the same.'" *Nichols*, 275 F.R.D. at 308 (quoting *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 823 (9th Cir. 2001)). This divergence of interests, viewpoints, and objectives satisfies the fourth requirement of Rule 24(a)(2). *See, e.g.*, *Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 974 (3d Cir. 1998) (granting motion to intervene as of right where private parties' interests diverged from the government's interest in representation, and where "[t]he early presence of intervenors may serve to prevent errors from creeping into the proceedings, clarify some issues, and perhaps contribute to an amicable settlement"); *W. States Trucking*, 2018 WL 5920148, at *2 (similar (citing *Allied Concrete*, 904 F.3d at 1068; *Californians for Safe & Competitive Dump Truck Transp. v. Mendonca*, 152 F.3d 1184, 1190 (9th Cir. 1998))); *Conservation Cong.*, 2018 WL 529484, at *3 (similar).[2]

## II.  Alternatively, Proposed Intervenors satisfy Rule 24(b)'s requirements for permissive intervention.

Even if this Court were to find Proposed Intervenors ineligible for intervention as of right, Proposed Intervenors easily satisfy the requirements for permissive intervention under Rule 24(b).

"District courts have broad discretion to allow permissive intervention." *Snowlands Network v. United States*, No. 2:11-cv-02921-MCE-DAD, 2012 WL 4755161, at *4 (E.D. Cal. Oct. 4, 2012) (citing *Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977)). "Permissive intervention is appropriate" where the proposed intervenor submits a timely motion and its "claim [or] defense and the main action [] have a question of law and fact in common."

---

[2] Additionally, Proposed Intervenor DCCC is among the groups currently advocating in other states for expanded access to vote by mail in light of the ongoing pandemic. *See, e.g.*, Complaint, *Middleton v. Andino*, No. 3:20-cv-01730-JMC (D.S.C. May 1, 2020); Motion to Intervene as Defendants, *Paher v. Cegavske*, No. 3:20-cv-00243-MMD-WGC (D. Nev. Apr. 27, 2020). Accordingly, Proposed Intervenors would bring both an informed perspective and specialized knowledge to these proceedings. *Cf. Snowlands Network v. United States*, No. 2:11-cv-02921-MCE-DAD, 2012 WL 4755161, at *3 (E.D. Cal. Oct. 4, 2012) (granting motion to intervene as of right where proposed intervenors possessed both "more specific goals and objectives" and "intimate knowledge" of the pertinent issues).

MOTION TO INTERVENE AS DEFENDANTS—PAGE 8

*Nichols*, 275 F.R.D. at 309 (quoting *Venegas v. Skaggs*, 867 F.2d 527, 529 (9th Cir. 1989)).[3] Additionally, "[i]n exercising its discretion to grant or deny permissive intervention, a court must consider whether the intervention will 'unduly delay or prejudice the adjudication of the'" original parties' rights. *Venegas*, 867 F.2d at 530 (quoting Fed. R. Civ. P. 24(b)(3)).

For the reasons discussed in Part I *supra*, Proposed Intervenors' motion is timely, and they cannot rely on Defendants to adequately protect their interests. Proposed Intervenors also have defenses to Plaintiffs' claims that share common questions of law and fact. For example, Proposed Intervenors contend that Defendants acted lawfully when they issued plans to make voting easier for Californians in light of the pandemic.

And significantly, intervention will result in neither prejudice nor undue delay. Proposed Intervenors have an undeniable interest in a swift resolution of this action, to ensure that Defendants have sufficient time to allow every California voter to cast a ballot in the Election. Given the legal and factual shortcomings of Plaintiffs' claims, Proposed Intervenors are confident that their intervention in this case, and the filings that will follow, will result in expeditious resolution of this litigation.

## CONCLUSION

For the reasons stated above, Proposed Intervenors respectfully request that the Court grant their motion to intervene as a matter of right under Rule 24(a)(2) or, in the alternative, permit them to intervene under Rule 24(b).

---

[3] The additional requirement that the proposed intervenor demonstrate an independent basis for jurisdiction "does not apply to proposed intervenors in federal-question cases when the proposed intervenor is not raising new claims." *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 844 (9th Cir. 2011); *see also* Complaint ¶ 3.

MOTION TO INTERVENE AS DEFENDANTS—PAGE 9

DATED this 3rd day of June, 2020

**PERKINS COIE LLP**

By: *s/ Jonathan P. Hawley*
Jonathan P. Hawley, Esq.
Abha Khanna, Esq.*
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099

Marc E. Elias, Esq.*
Henry J. Brewster, Esq.*
Courtney A. Elgart, Esq.*
700 Thirteenth St. NW, Suite 800
Washington, D.C. 20005-3960

*Attorneys for Proposed Intervenor-Defendants DCCC and California Democratic Party*

*Pro hac vice applications forthcoming

# CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of June, 2020 a true and correct copy of the foregoing Notice of Motion to Intervene as Defendants, Motion to Intervene as Defendants, and Proposed Order, submitted herewith, was served via the United States District Court's CM/ECF system on all parties or persons requiring notice.

By: *s/Vanessa Salinas*
Vanessa Salinas
Legal Assistant
**PERKINS COIE LLP**

CERTIFICATE OF SERVICE—PAGE 1