# EXHIBIT 1

1  MARC E. ELIAS, ESQ. (D.C. Bar No. 442007) (*pro hac vice forthcoming*)
   HENRY J. BREWSTER, ESQ. (D.C. Bar No. 1033410) (*pro hac vice forthcoming*)
2  COURTNEY A. ELGART, ESQ. (D.C. Bar No. 1645065) (*pro hac vice forthcoming*)
3  **PERKINS COIE LLP**
   700 Thirteenth St. NW, Suite 800
4  Washington, D.C. 20005-3960
   Tel: (202) 654-6200
5  melias@perkinscoie.com
   hbrewster@perkinscoie.com
6  celgart@perkinscoie.com

7
   ABHA KHANNA, ESQ. (Wash. Bar No. 42612) (*pro hac vice forthcoming*)
8  JONATHAN P. HAWLEY, ESQ. (SBN 319464), *counsel for service*
   **PERKINS COIE LLP**
9  1201 Third Avenue, Suite 4900
   Seattle, Washington 98101-3099
10 Tel: (206) 359-8000
11 akhanna@perkinscoie.com
   jhawley@perkinscoie.com

12
13 *Attorneys for Proposed Intervenor-Defendants*
   *DCCC and California Democratic Party*

14
15                    UNITED STATES DISTRICT COURT
16                   EASTERN DISTRICT OF CALIFORNIA

17 DARRELL ISSA, JAMES B. OERDING,          Case No.:     2:20-cv-01044-MCE-CKD
   JERRY GRIFFIN, MICHELLE BOLOTIN,
18 and MICHAEL SIENKIEWICZ                   **[PROPOSED] ANSWER TO**
19                                           **COMPLAINT FOR DECLARATORY**
                         Plaintiffs,         **AND INJUNCTIVE RELIEF**
20
          v.
21
   GAVIN NEWSOM, in his official capacity as
22 Governor of the State of California, and ALEX
   PADILLA, in his official capacity as Secretary
23 of State of California,
24                       Defendants,
25 and
26 DCCC and CALIFORNIA DEMOCRATIC
27
28

1  PARTY,

2                              Proposed
3                              Intervenor-
                               Defendants.
4

5          Proposed Intervenor-Defendants DCCC and California State Democratic Party (together,

6  "Proposed Intervenors"), by and through their attorneys, submit the following Answer to

7  Plaintiffs' Complaint for Declaratory and Injunctive Relief ("Complaint"). Proposed Intervenors

8  respond to the allegations in the Complaint as follows:

9          1.     Proposed Intervenors are without sufficient information or knowledge with which

10  to form a belief as to the truth or falsity of the allegations contained in Paragraph 1.

11         2.     Paragraph 2 contains mere characterizations, legal contentions, and conclusions to

12  which no response is required. To the extent a response is required, Proposed Intervenors deny the

13  allegations.

14                         **JURISDICTION AND VENUE**

15         3.     Paragraph 3 contains mere characterizations, legal contentions, and conclusions to

16  which no response is required.

17         4.     Paragraph 4 contains mere characterizations, legal contentions, and conclusions to

18  which no response is required.

19         5.     Paragraph 5 contains mere characterizations, legal contentions, and conclusions to

20  which no response is required.

21                              **PARTIES**

22         6.     Proposed Intervenors admit that San Diego County and Riverside County have not

23  implemented all mail-in ballot elections under California's Voter's Choice Act ("VCA") prior to

24  the issuance of Executive Order ("EO") N-64-20. Proposed Intervenors are without sufficient

25  information or knowledge with which to form a belief as to the truth or falsity of the remaining

26  allegations contained in Paragraph 6.

27         7.     Proposed Intervenors admit that Yolo County, Glenn County, Lake County, and

28

[PROPOSED] ANSWER TO COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF—PAGE 2

Solano County have not implemented all mail-in ballot elections under the VCA prior to the issuance of EO N-64-20. Proposed Intervenors are without sufficient information or knowledge with which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 7.

8.       Proposed Intervenors admit that Los Angeles County has implemented all mail-in ballot elections under the VCA. Proposed Intervenors are without sufficient information or knowledge with which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 8.

9.       Proposed Intervenors are without sufficient information or knowledge with which to form a belief as to the truth or falsity of the allegations contained in Paragraph 9.

10.       Proposed Intervenors admit that San Francisco County has not implemented all mail-in ballot elections under the VCA. Proposed Intervenors are without sufficient information or knowledge with which to form a belief as to the truth or falsity of the allegations contained in Paragraph 10.

11.       Proposed Intervenors admit the allegations in Paragraph 11.

12.       Proposed Intervenors admit the allegations in Paragraph 12.

13.       Paragraph 13 contains mere characterizations, legal contentions, and conclusions to which no response is required.

## **STATEMENT OF FACTS**

14.       Paragraph 14 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

15.       Paragraph 15 contains mere characterizations, legal contentions, and conclusions to which no response is required.

16.       Paragraph 16 contains mere characterizations, legal contentions, and conclusions to which no response is required.

17.       Paragraph 17 contains mere characterizations, legal contentions, and conclusions

1   to which no response is required. To the extent Paragraph 17 does not contain the full content and

2   context of Defendants' plans, Proposed Intervenors deny the allegations.

3         18.    Proposed Intervenors admit the allegations in Paragraph 18.

4         19.    Paragraph 19 contains mere characterizations, legal contentions, and conclusions

5   to which no response is required.

6         20.    Paragraph 20 contains mere characterizations, legal contentions, and conclusions

7   to which no response is required.

8         21.    Paragraph 21 contains mere characterizations, legal contentions, and conclusions

9   to which no response is required. To the extent a response is required, Proposed Intervenors deny

10   the allegations.

11         22.    Proposed Intervenors admit the allegations in Paragraph 22.

12         23.    Proposed Intervenors admit the allegations in Paragraph 23.

13         24.    Proposed Intervenors admit the allegations in Paragraph 24.

14         25.    Proposed Intervenors admit that fifteen counties conduct all mail-in ballot elections

15   for the March 3, 2020 federal primary. Proposed Intervenors are without sufficient information or

16   knowledge with which to form a belief as to the truth or falsity of the remaining allegations

17   contained in Paragraph 25.

18         26.    Paragraph 26 contains mere characterizations and conclusions to which no response

19   is required. To the extent a response is required, Proposed Intervenors deny the allegations.

20         27.    Proposed Intervenors admit that Governor Gavin Newsom proclaimed a state of

21   emergency in response to the COVID-19 epidemic on March 4, 2020. The remaining allegations

22   in Paragraph 27 are mere characterizations and conclusions to which no response is required. To

23   the extent a response is required, Proposed Intervenors deny the allegations.

24         28.    Paragraph 28 contains mere characterizations, legal contentions, and conclusions

25   to which no response is required. The March 4, 2020 Proclamation of a State of Emergency (the

26   "March 4 Proclamation") is the best source of the full content and context of the declared state of

27   emergency. To the extent Paragraph 28 does not contain the full content and context of the March

28

4 Proclamation, Proposed Intervenors deny the allegations.

29.     Paragraph 29 contains mere characterizations, legal contentions, and conclusions to which no response is required. The March 4 Proclamation is the best source of the full content and context the declared state of emergency. To the extent Paragraph 29 does not contain the full content and context of the March 4 Proclamation, Proposed Intervenors deny the allegations.

30.     Paragraph 30 contains mere characterizations, legal contentions, and conclusions to which no response is required.

31.     Paragraph 31 contains mere characterizations, legal contentions, and conclusions to which no response is required. The March 4 Proclamation is the best source of the full content and context of the declared state of emergency. To the extent Paragraph 31 does not contain the full content and context of the March 4 Proclamation, Proposed Intervenors deny the allegations.

32.     Paragraph 32 contains mere characterizations, legal contentions, and conclusions to which no response is required. The March 4 Proclamation is the best source of the full content and context of the declared state of emergency. To the extent Paragraph 32 does not contain the full content and context of the March 4 Proclamation, Proposed Intervenors deny the allegations.

33.     Paragraph 33 contains mere characterizations, legal contentions, and conclusions to which no response is required. The March 4 Proclamation is the best source of the full content and context of the declared state of emergency. To the extent Paragraph 33 does not contain the full content and context of the March 4 Proclamation, Proposed Intervenors deny the allegations.

34.     Paragraph 34 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

35.     Paragraph 35 contains mere characterizations, legal contentions, and conclusions to which no response is required. EO N-64-20 is the best source of the full content and context of Governor Newsom's Executive Order. To the extent Paragraph 32 does not contain the full content and context of EO N-64-20, Proposed Intervenors deny the allegations.

36.     Paragraph 36 contains mere characterizations, legal contentions, and conclusions

1   to which no response is required. EO N-64-20 is the best source of the full content and context of

2   Governor Newsom's Executive Order. To the extent Paragraph 36 does not contain the full content

3   and context of EO N-64-20, Proposed Intervenors deny the allegations.

4          37.     Paragraph 37 contains mere characterizations, legal contentions, and conclusions

5   to which no response is required. EO N-64-20 is the best source of the full content and context of

6   Governor Newsom's Executive Order. To the extent Paragraph 37 does not contain the full content

7   and context of EO N-64-20, Proposed Intervenors deny the allegations.

8          38.     Paragraph 38 contains mere characterizations, legal contentions, and conclusions

9   to which no response is required. EO N-64-20 is the best source of the full content and context of

10   Governor Newsom's Executive Order. To the extent Paragraph 38 does not contain the full content

11   and context of EO N-64-20, Proposed Intervenors deny the allegations.

12          39.     Paragraph 39 contains mere characterizations, legal contentions, and conclusions

13   to which no response is required. EO N-64-20 is the best source of the full content and context of

14   Governor Newsom's Executive Order. To the extent Paragraph 39 does not contain the full content

15   and context of EO N-64-20, Proposed Intervenors deny the allegations.

16          40.     Paragraph 40 contains mere characterizations, legal contentions, and conclusions

17   to which no response is required. EO N-64-20 is the best source of the full content and context of

18   Governor Newsom's Executive Order. To the extent Paragraph 40 does not contain the full content

19   and context of EO N-64-20, Proposed Intervenors deny the allegations.

20          41.     Paragraph 41 contains mere characterizations, legal contentions, and conclusions

21   to which no response is required. EO N-64-20 is the best source of the full content and context of

22   Governor Newsom's Executive Order. To the extent Paragraph 41 does not contain the full content

23   and context of EO N-64-20, Proposed Intervenors deny the allegations.

24          42.     Paragraph 42 contains mere characterizations, legal contentions, and conclusions

25   to which no response is required. EO N-64-20 is the best source of the full content and context of

26   Governor Newsom's Executive Order. To the extent Paragraph 42 does not contain the full content

27   and context of EO N-64-20, Proposed Intervenors deny the allegations.

28

43.     Paragraph 43 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

44.     Paragraph 44 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

45.     Paragraph 45 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

46.     Paragraph 46 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

47.     Paragraph 47 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

48.     Paragraph 48 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

49.     Paragraph 49 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

50.     Paragraph 50 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

51.     Paragraph 51 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

52.     Paragraph 52 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

53.     Proposed Intervenors are without sufficient information or knowledge with which to form a belief as to the truth or falsity of the allegations in Paragraph 53.

54.     Proposed Intervenors are without sufficient information or knowledge with which to form a belief as to the truth or falsity of the allegations in Paragraph 54.

55.     Paragraph 55 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

56.     Paragraph 56 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

57.     Paragraph 57 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

58.     Paragraph 58 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

59.     Paragraph 59 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

60.     Paragraph 60 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

61.     Paragraph 61 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny

1  the allegations.

2                                   **COUNT I**

3          62.    Proposed Intervenors incorporate by reference all of their responses in the

4  preceding and ensuing paragraphs as if fully set forth herein.

5          63.    Paragraph 63 contains mere characterizations, legal contentions, and conclusions

6  to which no response is required. To the extent a response is required, Proposed Intervenors deny

7  the allegations.

8          64.    Paragraph 64 contains mere characterizations, legal contentions, and conclusions

9  to which no response is required. To the extent a response is required, Proposed Intervenors deny

10 the allegations.

11         65.    Paragraph 65 contains mere characterizations, legal contentions, and conclusions

12 to which no response is required. To the extent a response is required, Proposed Intervenors deny

13 the allegations.

14         66.    Paragraph 66 contains mere characterizations, legal contentions, and conclusions

15 to which no response is required. To the extent a response is required, Proposed Intervenors deny

16 the allegations.

17                                  **COUNT II**

18         67.    Proposed Intervenors incorporate by reference all of their responses in the

19 preceding and ensuing paragraphs as if fully set forth herein.

20         68.    Paragraph 68 contains mere characterizations, legal contentions, and conclusions

21 to which no response is required. To the extent a response is required, Proposed Intervenors deny

22 the allegations.

23         69.    Paragraph 69 contains mere characterizations, legal contentions, and conclusions

24 to which no response is required. To the extent a response is required, Proposed Intervenors deny

25 the allegations.

26         70.    Paragraph 70 contains mere characterizations, legal contentions, and conclusions

27 to which no response is required. To the extent a response is required, Proposed Intervenors deny

28

1  the allegations.

2      71.    Paragraph 71 contains mere characterizations, legal contentions, and conclusions

3  to which no response is required. To the extent a response is required, Proposed Intervenors deny

4  the allegations.

5                              **COUNT III**

6      72.    Proposed Intervenors incorporate by reference all of their responses in the

7  preceding and ensuing paragraphs as if fully set forth herein.

8      73.    Paragraph 73 contains mere characterizations, legal contentions, and conclusions

9  to which no response is required. To the extent a response is required, Proposed Intervenors deny

10  the allegations.

11      74.    Paragraph 74 contains mere characterizations, legal contentions, and conclusions

12  to which no response is required. To the extent a response is required, Proposed Intervenors deny

13  the allegations.

14      75.    Paragraph 75 contains mere characterizations, legal contentions, and conclusions

15  to which no response is required. To the extent a response is required, Proposed Intervenors deny

16  the allegations.

17                              **COUNT IV**

18      76.    Proposed Intervenors incorporate by reference all of their responses in the

19  preceding and ensuing paragraphs as if fully set forth herein.

20      77.    Paragraph 77 contains mere characterizations, legal contentions, and conclusions

21  to which no response is required. To the extent a response is required, Proposed Intervenors deny

22  the allegations.

23      78.    Paragraph 78 contains mere characterizations, legal contentions, and conclusions

24  to which no response is required. To the extent a response is required, Proposed Intervenors deny

25  the allegations.

26      79.    Paragraph 79 contains mere characterizations, legal contentions, and conclusions

27  to which no response is required. To the extent a response is required, Proposed Intervenors deny

28

[PROPOSED] ANSWER TO COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF—PAGE 10

the allegations.

80.     Paragraph 80 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

81.     Paragraph 81 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

82.     Paragraph 82 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

## AFFIRMATIVE DEFENSES

Proposed Intervenors set forth their affirmative defenses without assuming the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs. Moreover, nothing stated here is intended or shall be construed as an admission that any particular issue or subject matter is relevant to the allegations in the Complaint. Proposed Intervenors reserve the right to amend or supplement their affirmative defenses as additional facts concerning defenses become known.

As separate and distinct affirmative defenses, Proposed Intervenors allege as follows:

Plaintiffs' claims are barred by the Eleventh Amendment sovereign immunity.

Plaintiffs fail to state a claim on which relief can be granted.

## PRAYER FOR RELIEF

WHEREFORE, Proposed Intervenors respectfully requests that this Court:

A.     Deny that Plaintiffs are entitled to any relief;

B.     Dismiss the complaint in its entirety, with prejudice; and

C.     Grant such other and further relief as the Court may deem just and proper

1    DATED this 3rd day of June 2020

2

3                                     By:  *s/Jonathan P. Hawley*

4                                          Jonathan P. Hawley, Esq.
                                           Abha Khanna, Esq.*
5                                          **PERKINS COIE LLP**
                                           1201 Third Avenue, Suite 4900
6                                          Seattle, Washington 98101-3099

7                                          Marc E. Elias, Esq.*
                                           Courtney A. Elgart, Esq.*
8                                          Henry J. Brewster, Esq.*
9                                          **PERKINS COIE LLP**
                                           700 Thirteenth St. NW, Suite 800
10                                         Washington, D.C. 20005-3960

11                                         *Attorneys for Proposed Intervenor-Defendants*
                                           *DCCC and California Democratic Party*
12

13                                         *Pro hac vice applications forthcoming

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28