Robert Patrick Sticht (SBN 138586)
T. Russell Nobile*
Robert Popper*
Eric Lee (SBN 327002)
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, D.C. 20024
(202) 646-5172
(202) 646-5199 (fax)
Rsticht@judicialwatch.org
Rnobile@judicialwatch.org
Rpopper@judicialwatch.org
Elee@judicialwatch.org

*Admitted Pro Hac Vice

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Darrell Issa, et al,<br><br>            Plaintiffs,<br>v.<br><br>Gavin Newsom, et al.,<br><br>            Defendants. | Case No. 2:20-cv-01044-MCE-CKD<br><br>**PLAINTIFFS' OPPOSITION TO DCCC AND CALIFORNIA DEMOCRATIC PARTY'S MOTION TO INTERVENE** |

Plaintiffs Darrell Issa, James B. Oerding, Jerry Griffin, Michelle Bolotin, and Michael Sienkiewicz ("Plaintiffs") submit this opposition to the motion of DCCC and California Democratic Party ("Movants") to intervene as defendants.  (ECF No. 12.)

**INTRODUCTION**

California's Voter's Choice Act (VCA) provides that counties may conduct all-mail ballot elections if they choose to do so and if they meet certain specified conditions.  Cal. Elec. Code § 4005.  In the March 2020 primaries, 15 California counties conducted their elections as all-mail ballot elections under the VCA.  (ECF No. 1, ¶ 25.)  The other 43 counties did not.

On March 4, 2020, Governor Gavin Newsom declared a state of emergency in California, citing the threat posed by the COVID-19 pandemic.  On May 8, 2020, relying on his emergency powers, Governor Newsom issued Executive Order N-64-20.  It provided that

"[n]otwithstanding any limitation on the distribution of vote-by-mail ballots" in the VCA or in any other California law, "county elections officials shall transmit vote-by-mail ballots for the November 3, 2020 General Election to all voters who are . . . registered to vote in that election." (ECF No. 1-2 at 3, ¶ 1.)

Plaintiffs in this action are a California congressional candidate and four California voters from across the political spectrum. The complaint alleges that Governor Newsom's executive order is an "unlawful attempt to supersede and replace California election law, including the VCA, by imposing an entirely new" electoral system. (ECF No. 1-2 at 3, ¶ 1.) It alleges that the executive order violates the Elections Clause, the Electors Clause, and the Due Process Clause of the Constitution and is *ultra vires* under state law. (*Id*., Counts I-IV.)

Movants are the Democratic Congressional Campaign Committee (DCCC) and the California Democratic Party, who seek to intervene either as of right or permissively as defendants. As set forth below they fail to establish the criteria necessary for intervention.

## ARGUMENT

**I.  THE COURT SHOULD DENY MOVANTS' REQUEST FOR INTERVENTION AS OF RIGHT.**

Federal Rule of Civil Procedure 24(a)(2) permits intervention only if four elements are satisfied: (1) the request to intervene must be timely; (2) Movants must show "a significantly protectable interest" related to the "property or transaction that is the subject of the action;" (3) Movants must demonstrate they are "situated such that disposition of the action may impair or impede" their ability to protect the interest at stake; and (4) the protectable interest "*must* not be adequately represented by existing parties." *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009) (emphasis added) (citations omitted).

Failing to demonstrate just one of these elements dooms a motion to intervene as of right under Rule 24(a)(2). *Id.*

A. **Movants Have No "Significantly Protectable Interest" in the Subject Matter of this Case**.

To show a "significant protectable interest," Movants must (1) assert an interest protected by law, and (2) prove a "relationship" between the legally protected interest and Plaintiffs' claims in this litigation. *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998), citing *Northwest Forest Resource Council v. Glickman*, 82 F.3d 825, 837 (9th Cir. 1996); *see also United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004) (citations omitted). Movants will satisfy this "relationship requirement" only if resolving Plaintiffs' claims "actually will affect" it. *Donnelly*, 159 F.3d at 410 (citations and quotation marks omitted).

Movants never articulate the protectable interest that justifies their intervention, and the parties and the Court are left to try to discern it. At the start of their brief Movants state that "Defendants' decision to implement a primarily all-mail system for the Election is not only reasonable, but *constitutionally required* to ensure that all eligible California voters can safely exercise their franchise in the midst of the coronavirus pandemic." (ECF No. 12 at 4) (ECF pagination) (emphasis added). Are Movants asserting that their interest is based on a federal constitutional provision? Indeed, do they maintain that they could sue Governor Newsom if he rescinded his executive order? They do not elaborate further.[1]

Movants make a number of assertions about a prospective shortage of mail-in ballots that are simply not factual. They assert that Plaintiffs' legal challenge to "Defendants' plans to conduct the Election primarily by mail compromises" Movants' interests because, "[w]ithout expansive options to vote by mail, many voters will be forced to choose between risking their health to vote in person and participating in the Election." (ECF No. 12 at 7.) They assert that if "Defendants' plans to mail ballots to registered voters are thwarted, then fewer Democratic voters will have an opportunity to vote in the Election." (*Id*.) Movants

---

[1] Nor is there such a constitutional requirement. See *Tex. Democratic Party v. Abbott*, No. 20-50407, 2020 U.S. App. LEXIS 17564, at *24 (5th Cir. June 4, 2020) ("The Constitution is not 'offended simply because some' groups 'find voting more convenient than' do the plaintiffs because of a state's mail-in ballot rules."), citing *McDonald v. Board of Election Commissioners of Chicago*, 394 U.S. 803, 810 (1969).

state that, as "organizations dedicated to promoting the franchise and ensuring the election of Democratic Party candidates," they "have a cognizable interest in asserting the rights of their members who would lose the ability to cast ballots." (*Id*.)  Movants argue that, if Plaintiffs prevail, "the result will be far less robust voter turnout among Democratic Party supporters." (*Id*.).  They claim they would have "to divert resources to address the lack of mail ballots." (*Id*. at 8.)

None of these fine-sounding words and phrases actually states a protectable interest.  These assertions are, in fact, empty, as may be simply demonstrated.  Prior to COVID-19 and Governor Newsom's order, California was a "no-excuse absentee ballot" state.[2]  What this means is that, even prior to the governor's order, California voters could request an absentee, mail-in ballot, without having to provide any particular reason for doing so.  Cal. Elec. Code § 3003.  Following any such request a ballot had to be mailed within five days. Cal. Elec. Code § 3001.  These procedures applied to every voter in the 43 counties that did not "opt in" to all-mail ballot elections under the VCA.

Accordingly, Movants have stated no protectable interest.  Even without Governor Newsom's order, no voters will have to "to choose between risking their health to vote in person and participating in the Election" (ECF No. 12 at 7), because voters concerned about COVID-19 could request an absentee ballot—as they always could.  For the same reason, no voters will "lose the ability to cast ballots," nor will Movants have to "divert resources" because of a "lack of mail ballots." (*Id*.)  Absentee ballots will remain available to every California voter who wants one *with or without the governor's order*.

The "interests" Movants describe simply do not apply given California's existing legal framework.  As Movants have failed to state a protectable interest, their motion should be denied.

---

[2] *See generally Table 1: States With No-Excuse Absentee Voting*, NATIONAL CONF. OF STATE LEGIS., May 1, 2020, available at https://www.ncsl.org/research/elections-and-campaigns/vopp-table-1-states-with-no-excuse-absentee-voting.aspx.

**B. Movants Have Not Overcome the Presumption of Adequate Representation by the Government Defendants.**

The Ninth Circuit considers three factors in determining the adequacy of representation: (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect. *California v. Tahoe Reg'l Planning Agency*, 792 F.2d 775, 778 (9th Cir. 1986) (citations omitted). In other types of cases, proposed intervenors are faced with a "minimal" burden to show inadequacy, and it is enough to show that representation "may be" inadequate. *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003) (citation omitted).

This standard gives way to a presumption of adequacy of representation in two kinds of circumstances. First, "[w]hen an applicant for intervention and an existing party have the same ultimate objective, a presumption of adequacy of representation arises." *Arakaki,* 324 F.3d at 1086. (citation omitted). Furthermore, "[i]f the applicant's interest is identical to that of one of the present parties, a compelling showing should be required to demonstrate inadequate representation." *Id.* (citation omitted). "Where parties share the same ultimate objective, differences in litigation strategy do not normally justify intervention." *Id*. (citation omitted).

Second, there is an "assumption of adequacy when the government is acting on behalf of a constituency that it represents." *Prete v. v. Bradbury*, 438 F.3d 949, 956 (9th Cir. 2006). Furthermore, "[i]n the absence of a 'very compelling showing to the contrary,' it will be presumed that a state adequately represents its citizens when the applicant shares the same interest." *Arakaki*, 324 F.3d at 1086, citing 7C Wright, Miller & Kane, § 1909, at 332; *see Pest Comm. v. Miller*, 648 F. Supp. 2d 1202, 1213-14 (D. Nev. 2009) (applying heightened standard where the Nevada Secretary of State and the intervenors shared the same interest).

Here, Movants concede that, "[l]ike Defendants," they "support the expansion of vote

by mail for the Election and vigorously dispute Plaintiffs' contentions that mail voting is either unconstitutional or likely to result in increased fraud." (ECF No. 12 at 9.) Movants' proposed answer in intervention asks the Court to "[d]eny that Plaintiffs are entitled to any relief" and "[d]ismiss the complaint in its entirety, with prejudice." (ECF No. 12-3 at 12.) The named defendants here, moreover, are the governor and the secretary of state, who are represented by the attorney general and the California Department of Justice. In California, the secretary of state in particular "is the chief elections officer of the state," responsible for "administer[ing] the provisions of the Elections Code" and for "see[ing] that . . . state election laws are enforced." Cal. Gov. Code § 12172.5(a). In sum, Movants have the same ultimate objective as state officials charged by law with administering and enforcing the voting laws. They must make a "very compelling showing" that they are not adequately represented by the existing Defendants. Movants do not come close to meeting that standard, failing even to attach an affidavit to their motion papers. Looking beyond their motion, there is nothing else in the record that would rebut this presumption.

While they admit that "Defendants have an undeniable interest in defending both their plans for the Election and their inherent powers as state executives," Movants argue that they "have a different focus: ensuring that each of their members in California and each voter they represent through their efforts has a meaningful opportunity to cast a ballot." (ECF No. 12 at 9.) The claim to have "specific interests and concerns," from "their overall electoral prospects" to "use of their limited resources to promote get-out-the-vote-efforts," that are not shared by existing parties. (*Id*.) Once again, Movants are relying on rhetoric rather than substance. Movants never say how their "different focus" and "specific interests and concerns" will actually diverge, in practice, from those of Defendants. They never identify a material argument they will make that Defendants will not, or refer to a contention Defendants are likely to make that is contrary to Movants' interests. Movants' vague speculation "falls far short of a 'very compelling showing.'" *Dep't of Fair Employment and Housing v. Lucent Tech., Inc.*, 642 F.3d 728, 740-41 (9th Cir. 2011) (citations omitted); *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1307 (9th Cir. 1997).

6

Plfs.' Opp'n to Motion to Intervene

Movants must be presumed to be adequately represented by the government defendants. Their motion to intervene should be denied.

## II. THE COURT SHOULD DENY MOVANTS' REQUEST FOR PERMISSIVE INTERVENTION.

"An applicant who seeks permissive intervention must prove that it meets three threshold requirements: (1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims." *Donnelly*, 159 F.3d at 412 (citation omitted); *see* Fed. R. Civ. P. 24(b). Yet "[e]ven if an applicant satisfies those threshold requirements, the district court has discretion to deny permissive intervention." *Donnelly*, 159 F.3d at 412 (citations omitted). "In exercising its discretion, the district court must consider whether intervention will unduly delay the main action or will unfairly prejudice the existing parties." *Id.*, citing, *inter alia*, Fed. R. Civ. P. 24(b)(2).

Movants have failed to identify a common question of law and fact with the existing parties. Movants' stated concerns—about allowing voters to vote by mail, avoiding lower partisan turnout, and remedying a lack of absentee ballots—are not at issue in this litigation. As discussed above, California law already accommodates these concerns, and will do so regardless of whether Governor Newsom's order is in force.

Even if the criteria for permissive intervention were met, intervention would not be automatic, and the Court would have discretion to deny Movants' application. *Donnelly*, 159 F.3d at 412 (citations omitted). In exercising such discretion, the Court would be required to "consider whether intervention will unduly delay the main action or will unfairly prejudice the existing parties." *Id.* (citations omitted); Fed. R. Civ. P. 24(b)(3). The Court could also consider "the nature and extent of the intervenor['s] interest" and "whether intervenor['s] interests are adequately represented by other parties." *Perry*, 587 F.3d at 955 (citation omitted).

As discussed above, Movants interests are adequately represented by the government defendants. And Movants' answer overwhelmingly contains either rote denials

or rote statements that no answer is required. It gives no indication that Movants would actually add anything to the litigation. Further, the inevitable inefficiency that would accompany the addition of new parties necessarily would entail a degree of delay and expense. For example, coordinating motion practice and discovery with another set of lawyers would become more difficult. *See Perry*, 587 F.3d at 955 (affirming finding of delay where district court found that, if intervention were allowed, "each group would need to conduct discovery on substantially similar issues").

For all of these reasons, permissive intervention is unwarranted and unnecessary.

## **CONCLUSION**

For the foregoing reasons, the Court should deny the pending motion to intervene.

June 5, 2020

Respectfully submitted,

JUDICIAL WATCH, INC.

By:       *s/ Russ Nobile*
T. Russell Nobile*
Robert Patrick Sticht
Robert Popper*
Eric Lee
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, D.C. 20024
Telephone: (202) 646-5172
Fax: (202) 646-5199
Email: rsticht@judicialwatch.org
Email: Rnobile@judicialwatch.org
Email: Rpopper@judicialwatch.org
Email: Elee@judicialwatch.org

*Admitted pro hac vice*

Attorneys for Plaintiffs