Robert Patrick Sticht (SBN 138586)
T. Russell Nobile*
Robert Popper*
Eric Lee (SBN 327002)
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, D.C. 20024
(202) 646-5172
(202) 646-5199 (fax)
Rsticht@judicialwatch.org
Rnobile@judicialwatch.org
Rpopper@judicialwatch.org
Elee@judicialwatch.org

*Admitted Pro Hac Vice

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Darrell Issa, et al, <br><br> Plaintiffs, <br> v. <br><br> Gavin Newsom, et al., <br><br> Defendants, <br><br> and <br><br> California Common Cause, League of Women Voters of California, and Community Coalition, <br><br> Proposed Intervenor-Defendants. | Case No. 2:20-cv-01044-MCE-CKD <br><br> **OPPOSITION TO PROPOSED INTERVENOR-DEFENDANTS' EX PARTE APPLICATION TO EXPEDITE BRIEFING SCHEDULE (ECF No. 34)** |

Plaintiffs Darrell Issa, James B. Oerding, Jerry Griffin, Michelle Bolotin, and Michael Sienkiewicz (collectively, "Plaintiffs") submit this Opposition to the Proposed California Common Cause, League of Women Voters of California, and Community Coalition ("Proposed Intervenors") *ex parte* application to enter an expedited briefing schedule for the Proposed Intervenors' Motion to Intervene. (ECF Nos. 34).

On June 1, 2020, this Court entered a minute order establishing a schedule for the Plaintiffs' motion for preliminary relief. (ECF No. 11.) Pursuant to the that order, Plaintiffs

will file their planned motion for preliminary relief Thursday, June 11, 2020.  On June 3, 2020, Governor Newsom issued a new executive order, Executive Order N-67-20, making further changes to how California will conduct the November 3, 2020 federal election.

Proposed Intervenors filed their Motion to Intervene under Federal Rule of Civil Procedure 24(b)(1)(B), to participate alongside Defendants California Governor Gavin Newsom and California Secretary of State Alex Padilla as well as Intervenor-Defendants Democratic Congressional Campaign Committee and Democratic Party of California.  Filed concurrently with Proposed Intervenors' motion and without prior notice to Plaintiffs was an *ex parte* application to expedite briefing on their Motion to Intervene, requesting the Court order Plaintiffs to respond to Defendants' motion by Friday, June 12, 2020.  (ECF No. 34). Proposed-Intervenors' request that allows only one day to respond to an improperly filed motion on the eve of a court-ordered deadline is not well taken and the application for expedited briefing should be denied

"Ex parte motions are rarely justified."  *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995).  The procedure is allowed "only when (1) there is a threat of immediate or irreparable injury; (2) there is danger that notice to the other party may result in the destruction of evidence or the party's flight; or (3) the party seeks a routine procedural order that cannot be obtained through a regularly noticed motion."  *Moore v. Chase, Inc.*, 2015 U.S. Dist. LEXIS 93430, at *10-*11 (E.D. Cal., July 17, 2015) (citing *Horne v. Wells Fargo Bank, N.A.*, 969 F. Supp. 2d 1203, 1205 (C.D. Cal. 2013)).

Proposed Intervenors cite Local Rule 144(e) in the motion but do not even attempt to meet its specific requirements in order to request a shortened the briefing schedule.  Local Rule 144(e) requires applicants to provide an "affidavit of counsel" demonstrating "a satisfactory explanation for the need" of such an expedited schedule "and for the failure of counsel to obtain a stipulation for the issuance of such an order from other counsel or parties in the action."  Proposed Intervenors failed to provide an affidavit demonstrating their need for such an order.  Indeed, they could not.  First, there is no emergency situation related to intervention requiring an expedited schedule for Plaintiffs to file their opposition, if any, by

Friday, June 12. If this Court grants Proposed Intervenors' motion to intervene, they can still file their responsive pleading.

Second, Proposed Intervenors failed to provide proper notice required under Local Rule 230. The first time Plaintiffs were informed of the instant motion an *ex parte* application was when the undersigned counsel received notice through the ECF system this evening. Proposed Intervenors did not – indeed, could not – file an affidavit setting forth why parties failed to obtain a stipulation of the expedited schedule. They never asked. For this reason alone, their application should be denied. *See Manpower Inc. v. Slingshot Connections LLC*, 2012 U.S. Dist. LEXIS 116833, at *10 (E.D. Cal., Aug. 17, 2012) (rejecting ex parte application where applicants failed to "meet and confer in good faith prior to filing its motion").

Importantly, there is no need to provide Plaintiffs a day to respond to Proposed Intervenors' Motion following this Court's order from this afternoon wherein it wherein the original parties stipulation that Defendants first responsive pleading would not due until two weeks after this Court rules on the Plaintiffs preliminary injunction. (ECF Nos. 30 and 31). With the hearing on preliminary relief scheduled for July 16, that means Proposed Intervenors' first responsive pleading <u>will not be due until July 30th, at the earliest</u>. Without any affidavit or substantive explanation as required by the local rules, Plaintiffs can only speculate as the basis for Proposed Intervenors request for expedited briefing.

Finally, the expedited schedule does not afford Plaintiffs sufficient time to evaluate and consider Proposed Intervenors' motion for intervention. Plaintiffs are preparing their own motion for a preliminary injunction concerning the Defendants' evolving plans as to how California will conduct the November 3, 2020 election. The Court set the deadline for that motion for June 11, 2020. Plaintiffs are in no position to adequately assess Proposed Intervenors' motion and file a response to it, if any, while they are still consulting with their clients regarding preliminary relief. Plaintiffs also would need to reconvene to discuss any course of action with their five clients regarding the Motion to Intervene, and Proposed Intervenors' unilateral schedule does not allow sufficient time to do so. Moreover, Proposed Intervenors allow themselves more time to reply to any opposition than they allow to Plaintiffs

to consider and prepare an opposition, if any.

    For the above reasons, Plaintiffs respectfully request that this Court deny Proposed Intervenors' *ex parte* application to shorten the briefing schedule.  Plaintiffs recognize the importance of the questions raised in these proceedings and will work to move the case along expeditiously.  Accordingly, Plaintiffs agree to formally notify Proposed Intervenors and the Court on or before June 15th whether they oppose Proposed Intervenors' Motion to Intervene.

June 10, 2020

Respectfully submitted,

JUDICIAL WATCH, INC.

By:     *s/ Russ Nobile*
T. Russell Nobile
Robert Patrick Sticht
Robert Popper
Eric Lee
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, D.C. 20024
Telephone: (202) 646-5172
Fax: (202) 646-5199
Email: rsticht@judicialwatch.org
Email: Rnobile@judicialwatch.org
Email: Rpopper@judicialwatch.org
Email: Elee@judicialwatch.org

*Admitted pro hac vice*

Attorneys for Plaintiffs