# Exhibit 1

# Declaration of Robert D. Popper

Robert Patrick Sticht (SBN 138586)
T. Russell Nobile*
Robert Popper*
Eric Lee (SBN 327002)
Judicial Watch, Inc.
425 Third Street SW, Suite 800
Washington, D.C. 20024
(202) 646-5172
(202) 646-5199 (fax)
Rsticht@judicialwatch.org
Rnobile@judicialwatch.org
Rpopper@judicialwatch.org
Elee@judicialwatch.org

*Admitted Pro Hac Vice

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Darrell Issa, et al,<br><br>        Plaintiffs,<br>              v.<br>Gavin Newsom, et al.,<br><br>        Defendants. | Case No. 2:20-cv-01044-MCE-CKD<br><br>**DECLARATION OF ROBERT D. POPPER IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**<br><br>Hearing on July 16, 2020, at 10:00 a.m. |

Robert D. Popper, for his declaration pursuant to 28 U.S.C. § 1746, deposes and says:

1.    I am an attorney at Judicial Watch, Inc., counsel for Plaintiffs in *Darrell Issa v. Newsom*, No. 2:20-cv-01044-MCE-CKD. I make this declaration in support of Plaintiffs' motion for a preliminary injunction.

2.    In *Judicial Watch v. Logan*, 2:17-cv-8948 (C.D. Cal. 2017), Judicial Watch, another institution and four individuals sued Dean Logan, the Los Angeles County Registrar-Recorder/County Clerk, and Alex Padilla, California's Secretary of State. Among other things, Judicial Watch alleged that the registration rates for Los Angeles County, and also for the entire State of California, exceeded 100%; that the County had over 1.5 million inactive registrations; and that the Secretary of State's list maintenance manual wrongly asserted that inactive registrants did not need to be removed after two general federal elections. These

1

1 allegations were subsequently confirmed in discovery and, ultimately, in the settlement
2 agreement resolving this matter.
3   3. In the course of litigation, Judicial Watch learned that California and the U.S.
4 Department of Justice had entered into a consent decree in 1998 that caused the State to
5 essentially abandon proper enforcement of its own laws concerning the removal of inactive
6 registrants.  Their apparent reason for doing so was an erroneous interpretation of the
7 NVRA, which was reflected in the Justice Department's briefs, pursuant to which removals
8 under Section 8(d)(2) of the NVRA were not mandatory, and were not favored.  This
9 interpretation was later explicitly rejected by the Supreme Court in *Husted v. A. Philip*
10 *Randolph Inst.*, 138 S. Ct. 1833 (2018).  As a direct result of this interpretation, the
11 enforcement of the removal process set forth in Section 8(d)(2) of the NVRA was ignored or
12 significantly impaired in many California counties for the past 20 years.
13   4. The NVRA requires states to provide information to the federal Election
14 Assistance Commission (EAC) for use in a biennial report it issues every two years.  52
15 U.S.C. § 20508(a)(3).  The report concerning registration practices from November 2014 to
16 November 2016 (the report examined by Judicial Watch when it decided to sue California
17 and Los Angeles County) is available at the EAC's website, at https://www.eac.gov/research-
18 and-data/datasets-codebooks-and-surveys, under the heading 2016.
19   5. The Survey Instrument for that year (what was sent to the states for their input)
20 indicates that question A10a seeks the "total number of confirmation notices sent to voters in
21 the period between the close of registration for the November 2014 general election and the
22 close of registration for the November 2016 general election because either 1) there is an
23 indication that the registrant no longer resides in the registrar's jurisdiction, or 2) the voter
24 has not voted or appeared to vote in a Federal election during the period."  *See*
25 https://www.eac.gov/sites/default/files/eac_assets/1/28/2016_EAVS_Instrument.pdf at page
26 7.
27   6. The Excel spreadsheet for 2016 shows that 16 California counties, in response to
28 question A10a, simply responded "Not applicable."  Their responses to question A10a are

contained in Section A of that spreadsheet, Rows 161-217 (for California), at Column "DR." The counties responding "Not applicable" include some of the most populous in California, such as Orange County, Riverside County, Alameda County, Contra Costa County, San Mateo County, Ventura County, San Joaquin County, Sonoma County, and Santa Cruz County.

7.     Los Angeles County had done such a poor job of tracking its Section 8(d)(2) notices that it had to agree to send notices *again* to about 1.5 million county registrants who were already inactive. This effectively restarts the "NVRA clock" for those registrants, who will not be removed for the most part until after 2022.

8.     Where sending address confirmation notices has no real consequence in terms of causing the ultimate removal of outdated registrations, such notices are sent sporadically and haphazardly, if at all. As a result, the active voter registration list becomes progressively more populated with outdated registrations.

9.     Attached hereto as Exhibit 2 is a true and correct copy of Governor Newsom's Executive Order N-64-20, issued May 8, 2020.

10.    Attached hereto as Exhibit 3 is a true and correct copy of the article, John Myers, et al., *California Officials Demand Changes to L.A. Voting After Election Day Chaos*, L.A. Times, Mar. 4, 2020, available at https://rb.gy/5hpx42 (last visited June 11, 2020).

11.    Attached hereto as Exhibit 4 is a true and correct copy of the article, Wall. St. J. Editorial, "*California Steals Its Own Election,*" Wall St. J., Mar. 6, 2020, available at https://rb.gy/dimkie (last visited June 11, 2020).

12.    Attached hereto as Exhibit 5 is a true and correct copy of Governor Newsom's *Proclamation of a State of Emergency*, issued March. 4, 2020

13.    Attached hereto as Exhibit 6 is a true and correct copy of Governor Newsom's Executive Order N-67-20, issued June 3, 2020.

14.    Attached hereto as Exhibit 7 is a true and correct copy of John Wildermuth, "*California Lawmaker Scrambles to Fix Bill to Make it Clear Ballots Won't Go to Phantom Voters,*" S.F. Chronicle, June 4, 2020 available at

1   https://www.sfchronicle.com/politics/article/California-lawmaker-scrambles-to-fix-bill-to-15317858.php (last visited June 11, 2020).

15. Attached hereto as Exhibit 8 is a true and correct copy of the Settlement Agreement, in *Judicial Watch v. Logan*, 2:17-cv-8948 (C.D. Cal. Jan. 3, 2019) (ECF No. 96-1).

16. Attached hereto as Exhibit 9 is a true and correct copy of a Stipulated Order in *Wilson v. United States*, Civ. No. C-95-20042-JW and C-94-20860-JW (February 2, 1998).

17. Attached hereto as Exhibit 10 is a true and correct copy of an article entitled *Signature Verification and Mail Ballots: Guaranteeing Access While Preserving Integrity*, STANFORD LAW SCHOOL, Law and Policy Lab, May 15, 2020.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 11, 2020.

*Robert D. Popper*
Robert D. Popper