Robert Patrick Sticht (SBN 138586)
T. Russell Nobile*
Robert Popper*
Eric Lee (SBN 327002)
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, D.C. 20024
(202) 646-5172
(202) 646-5199 (fax)
Rsticht@judicialwatch.org
Rnobile@judicialwatch.org
Rpopper@judicialwatch.org
Elee@judicialwatch.org

*Admitted Pro Hac Vice

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Darrell Issa, et al, <br><br> Plaintiffs, <br><br> v. <br><br> Gavin Newsom, et al., <br><br> Defendants. | Case No. 2:20-cv-01044-MCE-CKD <br><br> **PLAINTIFFS' OPPOSITION TO MOTION TO INTERVENE LEAGUE OF UNITED LATIN AMERICAN CITIZENS AND CALIFORNIA LEAGUE OF UNITED LATIN AMERICAN CITIZENS** |

Plaintiffs Darrell Issa, James B. Oerding, Jerry Griffin, Michelle Bolotin, and Michael Sienkiewicz ("Plaintiffs") submit this opposition to the Motion to Intervene (ECF No. 41) filed by League of United Latin American Citizens and California League of United Latin American Citizens ("Movants" or "LULAC").

As set forth below, Movants failed to establish the criteria necessary for intervention.[1]

---

[1] In order to reduce duplication, Plaintiffs incorporate by reference its Background and analysis from their Opposition to Common Cause of California's, et al., Motion to Intervene. (ECF No. 44.)

**MOVANTS' MOTION TO INTERVENE**

As part of a flood of intervention motions, Movants seek to intervene permissively as defendants in this case.  Permissive intervention, however, requires that the Movants show, among other things, "common question of law or fact with the main action."  *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998) (citation omitted); *see* Fed. R. Civ. P. 24(b).  But the Movants do not even bother demonstrating this requirement, failing to attach an answer required by Fed. R. Civ. P. 24(c), and cross-referring to the Common Cause of California Intervenors, who attached an answer responding solely to the RNC complaint.  While failing to attach a pleading is not *per se* fatal in the Ninth Circuit, piecemeal and procedurally inadequate approaches to intervention prejudicing Plaintiffs is.  The instant Motion leaves Plaintiffs to guess as to Movants' claims or defenses to *Plaintiffs' complaint*.

Plaintiffs know the outcome of these proceedings are important to Californians and, thus, the Court may desire to hear from different groups, regardless of their ability to satisfy Rule 24.  To that end, Plaintiffs respectfully submit that the more appropriate avenue for Movants and other third-party organizations like them, is to participate in this case as *amici*, which Plaintiffs previously proposed.  *See* ECF No. 44 at 3, fn2.

**ARGUMENT**

**I.  THE COURT SHOULD DENY MOVANTS' REQUEST FOR PERMISSIVE INTERVENTION.**

Permissive intervention "may" be granted in the Court's discretion, but only where an applicant demonstrates "a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(2).  "In exercising its discretion, the district court must consider whether intervention will unduly delay the main action or will unfairly prejudice the existing parties."  *Donnelly*, 159 F.3d at 412, citing, *inter alia*, Fed. R. Civ. P. 24(b)(2).

The Motion here fails for the same reasons that the Motion filed by Common Cause of California, et al., failed.  Plaintiffs previously set forth the standard for permissive intervention, which they incorporate by reference herein.  (ECF 44 at 3-6.)  Here, Movants do

2

not even attempt to argue the 24(b)(1)(B) considerations.  Moreover, Movants here cite to a Complaint not filed in these proceedings, which Plaintiffs presume is the Complaint in the RNC case.  *See* ECF 41 at 8 (citing "Complaint ¶¶ 12-13.")  Additionally, Movants' argument focuses on the "significantly protectable interest" consideration, which relates to intervention by right under Fed. R. Civ. P. 24(a), not Rule 24(b).

Plaintiffs note that only if there is a common question concerning a claim or defense is the Court vested with discretion to consider permissive intervention.  *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1111 (9th Cir. 2002), *abrogated on other grounds by Wilderness Soc. v. U.S. Forest Service*, 630 F.3d 1173 (9th Cir. 2011); *see also Fair Political Practices Comm'n v. U.S. Postal Serv.*, Case No. 2:12-CV-93-GEB, 2012 U.S. Dist. LEXIS 58759, at *11 (E.D. Cal. Apr. 26, 2012).  The failure to make this showing is fatal to their Motion.

## II. THE COURT SHOULD DECLINE TO EXERCISE ITS DISCRETION TO GRANT PERMISSIVE INTERVENTION.

Even if the criteria for permissive intervention were met, the Court has discretion to deny Movants' application.  *Donnelly*, 159 F.3d at 412 (citations omitted).  The Court must "consider whether intervention will unduly delay the main action or will unfairly prejudice the existing parties."  *Id*. (citations omitted); Fed. R. Civ. P. 24(b)(3).  The Court "may also consider other factors in the exercise of its discretion, including 'the nature and extent of the intervenors' interest' and 'whether the intervenors' interests are adequately represented by other parties.'"  *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 955 (9th Cir. 2009), citing *Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977); *California v. Tahoe Reg'l Planning Agency*, 792 F.2d 775, 779 (9th Cir. 1986) (affirming district court's conclusion that intervention by those with interests adequately represented "would be redundant and would impair the efficiency of the litigation."); *see Hoots v. Pennsylvania*, 672 F.2d 1133, 1136 (3d Cir. 1982) (where "representation is deemed adequate, the district court is well within its discretion in deciding that the applicant's contributions to the proceedings would be superfluous and that any resulting delay would be 'undue.'").  Plaintiffs

previously set forth discretionary considerations with respect to permissive intervention, which they incorporate by reference herein. (ECF 44 at 6-13.)

### A. Movants' Interests Are Already Adequately Represented.

In determining the adequacy of representation, the Ninth Circuit considers (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect. *Tahoe Reg'l Planning Agency*, 792 F.2d at 778 (citations omitted). In other types of cases, proposed intervenors are faced with a "minimal" burden to show inadequacy, and it is enough to show that representation "may be" inadequate. *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003) (citation omitted).

This standard gives way to a presumption of adequacy of representation "[w]hen an applicant for intervention and an existing party have the same ultimate objective, a presumption of adequacy of representation arises." *Arakaki*, 324 F.3d at 1086. (citation omitted). Further, "[i]f the applicant's interest is identical to that of one of the present parties, a compelling showing should be required to demonstrate inadequate representation." *Id*. (citation omitted). There is also an "assumption of adequacy when the government is acting on behalf of a constituency that it represents." *Prete v. v. Bradbury*, 438 F.3d 949, 956 (9th Cir. 2006). "In the absence of a 'very compelling showing to the contrary,' it will be presumed that a state adequately represents its citizens when the applicant shares the same interest." *Arakaki*, 324 F.3d at 1086 (citing 7C Wright, Miller & Kane, § 1909, at 332); *see Pest Comm. v. Miller*, 648 F. Supp. 2d 1202, 1213-14 (D. Nev. 2009) (applying heightened standard).

Like the Common Cause Intervenors, Movants here have identical interests to the State Defendants and the already admitted intervening defendants, California Democratic Party. Indeed, parts of Movants' brief seems to be copied verbatim from the California Democratic Party's brief. *Compare* Br. for California Democratic Party in Support of Intervention, ECF No. 12 at 5, *and* Movants' Br., ECF No. 41 at 8. Given that one of the intervenors has

already showered Secretary Padilla with praise in standing up for the rights of voters across the state, it is clear that these groups are adequately represented by the existing parties. (ECF 44 at 8, fn. 5.)

Based on their pleadings and the alignment of interests between Movants and all the other intervenors and existing defendants, Movants would make the same arguments as existing parties and unnecessarily prolong the proceedings. *See UMG Recordings, Inc. v. Bertelsmann AG*, 222 F.R.D. 408, 414 (N.D. Cal. 2004) (denying permissive intervention where intervenors would "necessitate the consideration of extraneous legal and factual issues"); *see also Perry*, 587 F.3d at 955 (affirming denial of permissive intervention where interests were adequately represented by existing parties). Along with the myriad of other reasons showing prejudice to the parties, Movants should not be entitled to intervene here.

### B. Movants Fail to Show How Intervention in Other Voting Cases Warrants Their Intervention Here.

Unlike the motion by Common Cause of California, Movants here do not cite any voting cases, which they inaccurately claim are "closely analogous circumstances." (ECF 44 at 9-11.) Regardless, Plaintiffs previously set forth how the instant case is distinguishable from the select voting cases in which intervention was granted, which Plaintiffs incorporate by reference herein. (*Id.*)

### C. Movants Do Not Address How They Will Assist the Court in Resolving the Main Question Raised At the Preliminary Relief Stage: Does EO N-64-20 Violate The Elections Clause or The Electors Clause?

Plaintiffs previously explained why Movants would not assist the Court resolving the main question pending in these proceedings, which Plaintiffs incorporate by reference herein. (ECF 44 at 11-13.) Like Common Cause of California intervenors, Movants cite to the wrong complaint and do not make any references to Plaintiffs' claims in this case. *See* ECF 44 at 11 and ECF 33 at 11. This failure prohibits Plaintiffs and the Court from adequately assessing what defenses Movants may add *here*.

Movants have not demonstrated that they should be permitted to intervene. Accordingly, their Motion should be denied.

**CONCLUSION**

For the foregoing reasons, the Court should deny the pending motion to intervene permissively.

June 16, 2020                                  JUDICIAL WATCH, INC.

                                    By:   *s/ Russell Nobile*
                                          Robert Patrick Sticht (SBN 138586)
                                          T. Russell Nobile*
                                          Robert Popper*
                                          Eric Lee (SBN 327002)
                                          JUDICIAL WATCH, INC.
                                          425 Third Street SW, Suite 800
                                          Washington, D.C. 20024
                                          (202) 646-5172
                                          (202) 646-5199 (fax)
                                          Rsticht@judicialwatch.org
                                          Rnobile@judicialwatch.org
                                          Rpopper@judicialwatch.org
                                          Elee@judicialwatch.org

                                          *Admitted Pro Hac Vice*

                                          Attorneys for Plaintiffs