MARK D. ROSENBAUM (CA Bar No. 59940)
mrosenbaum@publiccounsel.org
KATHRYN EIDMANN (CA Bar No. 268053)
keidmann@publiccounsel.org
JESSELYN FRILEY (CA Bar No. 319198)
jfriley@publiccounsel.org
PUBLIC COUNSEL
610 S. Ardmore Avenue
Los Angeles, California 90005
Telephone:   (213) 385-2977
Facsimile:    (213) 385-9089

JOHN LIBBY (CA BAR NO. 128207)
JLibby@manatt.com
MANATT, PHELPS & PHILLIPS, LLP
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
Telephone:  310.312.4000
Facsimile:   310.312.4224

JON GREENBAUM (CA Bar No. 166733)
jgreenbaum@lawyerscommittee.org
EZRA ROSENBERG (D.C. Bar No. 360927)
*Pro Hac Vice* Application Pending
erosenberg@lawyerscommittee.org
POOJA CHAUDHURI (CA Bar No. 314847)
pchaudhuri@lawyerscommittee.org
BRADLEY S. PHILLIPS (CA Bar No. 85263)
bphillips@lawyerscommittee.org
LAWYERS' COMMITTEE FOR CIVIL RIGHTS
1500 K Street NW
Washington, DC 20005
Telephone:   (202) 662-8600
Facsimile:    (202) 783-0857

CHRISTOPHER L. WANGER (CA Bar No. 164751)
CWanger@manatt.com
MANATT, PHELPS & PHILLIPS, LLP
One Embarcadero Center, 30th Floor
San Francisco, California  94111
Telephone:  (415) 291-7400
Facsimile:   (415) 291-7474

Attorneys for Intervenor-Defendants,
CALIFORNIA COMMON CAUSE,  LEAGUE OF WOMEN VOTERS OF CALIFORNIA and COMMUNITY COALITION

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL ISSA, JAMES B. OERDING, JERRY GRIFFIN, MICHELLE BOLOTIN and MICHAEL SIENKIEWICZ<br><br>Plaintiffs,<br><br>vs.<br><br>GAVIN NEWSOM, in his official capacity as Governor of the State of California; and ALEX PADILLA, in his official capacity as Secretary of State of California,<br><br>Defendants. | Case No. 2:20-cv-01044-MCE-CKD<br><br>**REPLY IN SUPPORT OF MOTION TO INTERVENE AS DEFENDANTS**<br><br>**Date: July 9, 2020**<br>**Time: 2:00 pm**<br>**Courtroom: 7, 14th Floor**<br>**Judge: Hon. Morrison C. England, Jr.** |

## I. INTRODUCTION

Plaintiffs, Darrell Issa, James B. Oerding, Jerry Griffin, Michelle Bolotin and Michael Sienkiewicz ("Plaintiffs"), assert several arguments in support of their bid to deny Proposed Intervenor-Defendants, California Common Cause, the League of Women Voters of California and Community Coalition (together, "Proposed Intervenors") the right to intervene in this action. None has merit. The Motion should be granted.

## II. ARGUMENT

### A. Proposed Intervenors Meet the Threshold Requirements For Intervention.

Plaintiffs' Opposition acknowledges the three threshold requirements for permissive intervention under F.R.C.P. Rule 24(b)(1)(B): (1) the intervenor's claim shares a common question of law or fact with the main action; (2) the intervenor's motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims. *See Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998). Plaintiffs' Opposition makes no serious attempt to dispute that Proposed Intervenors satisfy these requirements.

#### 1. Proposed Intervenors' Claims and Defenses Share Common Questions of Law or Fact with the Main Action.

Plaintiffs cannot credibly dispute that Proposed Intervenors have and assert claims and defenses to Plaintiffs' claims that share common questions of law and fact. Proposed Intervenors expressly deny in their Answer that Executive Order N-64-20 – the subject of Plaintiffs' Complaint and legal challenge – is invalid and expressly allege to the contrary that "the Governor's Order is authorized by state law, constitutional, and valid." (*See e.g.*, Dkt. # 33-1 at p. 2:13-14.) Proposed Intervenors' Answer further seeks a declaratory judgment that the Order does not violate the Elections Clause, the Electors Clause, or the Fourteenth Amendment and is not ultra vires. (*Id.* at p. 18:3-6.) Thus, Proposed Intervenors' Answer obviously raises many of the same fundamental questions as Plaintiffs' Complaint, including but not limited to whether the Governor's Executive Order in any way denies or dilutes Plaintiffs' or Plaintiffs' members' right to vote and whether and how the public interest, including public safety, could possibly be served by a court order enjoining the Executive Order. Plaintiffs wholly fail to address the cases cited in

Proposed Intervenors' brief that confirm Proposed Intervenors' claims and defenses satisfy the "common question" standard. *See Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 955 (9th Cir. 2009) ("common questions of both law and fact are present" when intervenors "seek to assert defenses against the Plaintiff's requested injunction, which lies at the heart of th[e] matter"); *Conservation Cong. v. United States Forest Serv.*, No. 2:16-cv-00864-MCE-AC, 2018 U.S. Dist. LEXIS 10830 at *9 (E.D. Cal. Jan. 22, 2018); *and In re Grupo Unidos Por El Canal S.A.*, No. 14-mc-80277-JST (DMR), 2015 U.S. Dist. LEXIS 52358, at *15–16 (N.D. Cal. Apr. 21, 2015) ("the central issues [raised by their Answer] are the same [as those raised by the Complaint]."

Instead, Plaintiffs note that Proposed Intervenors' Answer erroneously responds to the allegations of the Complaint in the related RNC action rather than Plaintiffs' complaint. Plaintiffs then rely on this oversight to feign ignorance regarding Proposed Intervenors' claims and defenses. Plaintiffs go so far as to contend that they can "only speculate as to the claim or defense that [Proposed Intervenors' Answer] shares with the main action." (Brief at p. 5:13-14.) Plaintiffs' attempts to bury their heads in the sand is unavailing. Both Proposed Intervenors' Answer and their Motion to Intervene (Dkt. # 33) provide Plaintiffs with clear notice of the claims and defenses they assert, which include, as noted above, the claim that the Governor's Executive Order is valid. To eliminate any purported confusion regarding those claims, Proposed Intervenors submit as <u>Exhibit A</u> hereto a corrected Answer that responds to Plaintiffs' express allegations but otherwise maintains the same claims and defenses as their original lodged Answer.

**2.    This Motion is Timely**.

Plaintiffs concede that this Motion is timely. (Brief at p. 4:21.)

**3.    The Independent Basis for Jurisdiction Requirement is Satisfied.**

Plaintiffs contend that Proposed Intervenors do not satisfy the requirement that the court have an independent basis for jurisdiction over their claims. But Plaintiffs ignore the governing law. Because Plaintiffs' action is premised on a federal question and Proposed Intervenors do not and will not assert any new state-law claims, the independent jurisdictional grounds requirement

is inapplicable. *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 844 (9th Cir. 2011).

    **B.**    **Because Proposed Intervenors Will Significantly Contribute to the Full Development of the Underlying Factual Issues in the Suit and to the Just and Equitable Adjudication of the Legal Questions Presented, the Court Should Exercise Its Discretion and Permit their Intervention.**

    **1.**    **F.R.C.P. Rule 24 Is Construed In Favor of Applicants for Intervention.**

Plaintiffs correctly note that this Court has wide discretion to grant or deny permissive intervention under F.R.C.P. Rule 24(b)(1)(B). However, in the Ninth Circuit, Rule 24 is liberally construed in favor of applicants for intervention. *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F3d 893, 897 (9th Cir. 2011) (Rule 24's requirements "are broadly interpreted in favor of intervention"); *and Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998) ("In determining whether intervention is appropriate, we are guided primarily by practical and equitable considerations"). As discussed below, the practical and equitable considerations here strongly favor intervention.

    **2.**    **Proposed Intervenors Have Unique Interests That Will Not Be Adequately Represented by the State or the Democratic Party.**

Plaintiffs suggest that intervention should be denied because Proposed Intervenors' interests can adequately be protected by the State and the Democratic Party. But Plaintiffs fail to explain how either the State or the Democratic Party represents or will adequately protect the specific interests of Proposed Intervenors.[1] They cannot.

As this Court noted in granting the Democratic Party's Motion to intervene, the burden of showing that existing parties may not adequately represent the proposed intervenor's interests is a minimal one. (See Dkt. 31 at p. 6:3-6 *citing Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 (1972) and *Fed. Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 216 (11th Cir. 1993).) Here, Proposed Intervenors' interests in the implementation of the

---

[1] There are six qualified political parties in California and a large number of voters that designate themselves as "No Party Preference." Plaintiffs and the Democratic Party do not speak for all voters.

Executive Order clearly differ from both those of the State and the Democratic Party. The State's interest lies in exercising and enforcing its inherent authority to properly administer election laws while the Democratic Party is concerned with ensuring its party members have the opportunity to vote to advance its overall electoral prospects. (See Dkt. 31 at 6:12-17 *citing Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 899 (9th Cir. 2011).

In contrast, Proposed Intervenors are *nonpartisan* organizations dedicated to promoting American democracy and the interests of all California voters. Proposed Intervenors' members include Black, Latino and other voters of color as well as voters with underlying medical conditions whose right to vote is particularly jeopardized by the ongoing COVID-19 pandemic. As organizations that serve, represent and comprise individuals whose fundamental right to vote would be impaired and whose health could be endangered by a grant of the relief sought by Plaintiffs, Proposed Intervenors are critical participants in these actions and their interests are not the same as the State or the Democratic Party. *See Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 823 (9th Cir. 2001). Proposed Intervenors are not just like any other voter and instead provide a unique perspective and extensive experience in the field of voting rights and are thus well-situated to defend the right of all California voters to cast their ballots safely. In short, their intervention is warranted because it "will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *Spangler v. Pasadena City Bd. of Ed.*, 552 F2d 1326, 1329 (9th Cir. 1977).

### 3. Intervention Will Not Result in Any Delay.

Plaintiffs next suggest that they will be prejudiced because the requested intervention will purportedly result in delay and inefficiencies. But Plaintiffs' argument is not supported by the facts. Proposed Intervenors have already lodged their proposed Answer and do not seek any modification of the existing case schedule. Subject to this Court's grant of intervention, Proposed Intervenors will comply with the Court's current briefing schedule on Plaintiffs' preliminary injunction motion and will file their Opposition on June 25, 2020. Moreover, to ensure there is no delay or prejudice to Plaintiffs, Proposed Intervenors are prepared to coordinate with LULAC and California League of Conservation Voters and, if necessary, file a joint opposition brief on

5
REPLY IN SUPPORT OF MOTION TO INTERVENE
CASE NO. 2:20-CV-01044-MCE-CKD

1  June 25 to Plaintiffs' preliminary injunction motion. In short, intervention will not result in any
2  delay or inefficiencies.

### III.  CONCLUSION

Based on the foregoing, the Court should grant the Motion and permit Proposed Intervenors to intervene in this action.

Case 2:20-cv-01044-MCE-CKD   Document 46   Filed 06/17/20   Page 7 of 7

Dated: June 17, 2020

PUBLIC COUNSEL

By: /s/ Mark D. Rosenbaum (as authorized on 6/17/20)
    Mark D. Rosenbaum
    Kathryn Eidmann
    Jesselyn Friley
    610 S. Ardmore Avenue
    Los Angeles, California 90005
    Telephone:  (213) 385-2977
    Facsimile:  (213) 385-9089
    Email:  mrosenbaum@publiccounsel.org
        keidmann@publiccounsel.org
        jfriley@publiccounsel.org

LAWYERS' COMMITTEE FOR CIVIL RIGHTS

By: /s/ Jon Greenbaum (as authorized on 6/17/20)
    Jon Greenbaum
    Ezra Rosenberg
    Pooja Chaudhuri
    Bradley S. Phillips
    1500 K Street NW
    Washington, DC 20005
    Telephone:  (202) 662-8600
    Facsimile:  (202) 783-0857
    Email:  jgreenbaum@lawyerscommittee.org
        erosenberg@lawyerscommittee.org
        pchaudhuri@lawyerscommittee.org
        bphillips@lawyerscommittee.org

MANATT, PHELPS & PHILLIPS, LLP

By: /s/ John Libby
    John Libby
    2049 Century Park East
    Suite 1700
    Los Angeles, CA 90067
    Telephone:  (310) 312-4000
    Facsimile:  (310) 312-4224
    Email:  JLibby@manatt.com

MANATT, PHELPS & PHILLIPS, LLP
    Christopher L. Wanger
    One Embarcadero Center, 30th Floor
    San Francisco, California 94111
    Telephone:  (415) 291-7400
    Facsimile:  (415) 291-7474
    Email:  CWanger@manatt.com

Attorneys for Intervenor-Defendants, CALIFORNIA COMMON CAUSE, LEAGUE OF WOMEN VOTERS OF CALIFORNIA and COMMUNITY COALITION

REPLY IN SUPPORT OF MOTION TO INTERVENE
CASE NO. 2:20-CV-01044-MCE-CKD