MARK D. ROSENBAUM (CA Bar No. 59940)
mrosenbaum@publiccounsel.org
KATHRYN EIDMANN (CA Bar No. 268053)
keidmann@publiccounsel.org
JESSELYN FRILEY (CA Bar No. 319198)
jfriley@publiccounsel.org
PUBLIC COUNSEL
610 S. Ardmore Avenue
Los Angeles, California 90005
Telephone: (213) 385-2977
Facsimile: (213) 385-9089

JOHN LIBBY (CA BAR NO. 128207)
JLibby@manatt.com
MANATT, PHELPS & PHILLIPS, LLP
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
Telephone: 310.312.4000
Facsimile: 310.312.4224

JON GREENBAUM (CA Bar No. 166733)
jgreenbaum@lawyerscomittee.org
EZRA ROSENBERG (D.C. Bar No. 360927)
*Pro Hac Vice* Application Pending
erosenberg@lawyerscommittee.org
POOJA CHAUDHURI (CA Bar No. 314847)
pchaudhuri@lawyerscommittee.org
BRADLEY S. PHILLIPS (CA Bar No. 85263)
bphillips@lawyerscommittee.org
LAWYERS' COMMITTEE FOR CIVIL RIGHTS
1500 K Street NW
Washington, DC 20005
Telephone: (202) 662-8600
Facsimile: (202) 783-0857

CHRISTOPHER L. WANGER (CA Bar No. 164751)
CWanger@manatt.com
MANATT, PHELPS & PHILLIPS, LLP
One Embarcadero Center, 30th Floor
San Francisco, California 94111
Telephone: (415) 291-7400
Facsimile: (415) 291-7474

Attorneys for Intervenor-Defendants, CALIFORNIA COMMON CAUSE, LEAGUE OF WOMEN VOTERS OF CALIFORNIA and COMMUNITY COALITION

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARRELL ISSA, JAMES B. OERDING, JERRY GRIFFIN, MICHELLE BOLOTIN and MICHAEL SIENKIEWICZ

Plaintiffs,

vs.

GAVIN NEWSOM, in his official capacity as Governor of the State of California; and ALEX PADILLA, in his official capacity as Secretary of State of California,

Defendants.

Case No. 2:20-cv-01044-MCE-CKD

**CORRECTED ANSWER OF INTERVENOR-DEFENDANTS TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Intervenor-Defendants, CALIFORNIA COMMON CAUSE, LEAGUE OF WOMEN VOTERS OF CALIFORNIA and COMMUNITY COALITION (collectively, "Intervenor-Defendants"), by and through the undersigned counsel, file this Corrected Answer to the Complaint for Declaratory and Injunctive Relief filed by Plaintiffs, Darrell Issa, James B. Oerding, Jerry Griffin, Michelle Bolotkin, and Michael Sienkiewicz, and allege as follows:

1. Intervenor-Defendants admit that Governor Newsom issued Executive Order N-64-20 on May 8, 2020, and that Plaintiffs purport to seek declaratory and injunctive relief with respect to that Order. Intervenor-Defendants lack sufficient information and belief about and, on that basis, deny the remaining allegations of paragraph 1.

2. Intervenor-Defendants allege that the Order speaks for itself. Except as so alleged, Intervenor-Defendants deny the allegations of paragraph 2.

**JURISDICTION AND VENUE**

3. Intervenor-Defendants admit that Plaintiffs' claims arise under the Constitution and laws of the United States for purposes of 28 USC 1331. Defendant-Intervenors submit that any remaining allegations of paragraph 3 consist of legal conclusions to which no response is required.

4. Intervenor-Defendants admit that venue is proper in this District.

5. Intervenor-Defendants submit that paragraph 5 consists of legal conclusions to which no response is required. To the extent any facts are alleged, Intervenor-Defendants deny those.

**PARTIES**

6. Intervenor-Defendants lack sufficient information and belief to form a conclusion about the truth of the allegations of paragraph 6 and, on that basis, deny them.

7. Intervenor-Defendants lack sufficient information and belief to form a conclusion about the truth of the allegations of paragraph 7 and, on that basis, deny them.

8. Intervenor-Defendants lack sufficient information and belief to form a conclusion about the truth of the allegations of paragraph 8 and, on that basis, deny them.

9. Intervenor-Defendants lack sufficient information and belief to form a conclusion about the truth of the allegations of paragraph 9 and, on that basis, deny them.

10. Intervenor-Defendants lack sufficient information and belief to form a conclusion about the truth of the allegations of paragraph 10 and, on that basis, deny them.

11. Intervenor-Defendants allege that the Order speaks for itself and deny that the all-mail ballot system mandated by it is "new." Except as so alleged and denied, Defendant-Intervenors admit the allegations of paragraph 11.

12. Intervenor-Defendants admit the allegations of paragraph 12.

13. Intervenor-Defendants admit the allegations of paragraph 13.

**STATEMENT OF FACTS**

14. Intervenor-Defendants admit that Plaintiffs purport to bring this action for the purpose alleged. Except as so admitted, Intervenor-Defendants deny the allegations of paragraph 14.

15. Intervenor-Defendants submit that paragraph 15 consists of legal conclusions to which no response is required. To the extent any facts are alleged, Intervenor-Defendants deny those.

16. Intervenor-Defendants submit that paragraph 16 consists of legal conclusions to which no response is required. To the extent any facts are alleged, Intervenor-Defendants deny those.

17. Intervenor-Defendants submit that paragraph 17 consists of legal conclusions to which no response is required. To the extent any facts are alleged, Intervenor-Defendants deny those.

18. Intervenor-Defendants submit that paragraph 18 consists of legal conclusions to which no response is required. To the extent any facts are alleged, Intervenor-Defendants deny those.

19. Intervenor-Defendants submit that paragraph 19 consists of legal conclusions to which no response is required. To the extent any facts are alleged, Intervenor-Defendants deny those.

20. Intervenor-Defendants submit that paragraph 20 consists of legal conclusions to which no response is required. To the extent any facts are alleged, Intervenor-Defendants deny those.

21. Intervenor-Defendants submit that paragraph 21 consists of legal conclusions to which no response is required. To the extent any facts are alleged, Intervenor-Defendants deny those.

22. Intervenor-Defendants submit that paragraph 22 consists of legal conclusions to which no response is required. To the extent any facts are alleged, Intervenor-Defendants deny those.

23. Intervenor-Defendants submit that paragraph 23 consists of legal conclusions to which no response is required. To the extent any facts are alleged, Intervenor-Defendants deny those.

24. Intervenor-Defendants submit that paragraph 24 consists of legal conclusions to which no response is required. To the extent any facts are alleged, Intervenor-Defendants deny those.

25. Intervenor-Defendants submit that paragraph 25 consists of legal conclusions to which no response is required. To the extent any facts are alleged, Intervenor-Defendants deny those.

26. Intervenor-Defendants allege that the unidentified sources quoted in paragraph 26 speak for themselves. Except as so alleged, Intervenor-Defendants lack sufficient information and belief and, on that basis, deny the allegations of paragraph 26.

27. Intervenor-Defendants admit that Governor Newsom proclaimed a state of emergency on March 4, 2020, and allege that the source cited in paragraph 27 speaks for itself. Except as so admitted and alleged, Intervenor-Defendants deny the allegations of paragraph 27.

28. Intervenor-Defendants allege that the source cited in paragraph 28 speaks for itself.

29. Intervenor-Defendants allege that the source cited in paragraph 29 speaks for itself.

30. Intervenor-Defendants submit that paragraph 30 consists of legal conclusions to which no response is required. To the extent any facts are alleged, Intervenor-Defendants deny those.

31. Intervenor-Defendants allege that the source cited in paragraph 31 speaks for itself.

32. Intervenor-Defendants allege that the source cited in paragraph 32 speaks for itself.

33. Intervenor-Defendants allege that the source cited in paragraph 33 speaks for itself.

34. Intervenor-Defendants submit that paragraph 34 consists of legal conclusions to which no response is required. To the extent any facts are alleged, Intervenor-Defendants deny those.

35. Intervenor-Defendants admit that Governor Newsom issued the Order on May 8, 2020, and allege that the Order speaks for itself. Except as so admitted and alleged, Intervenor-Defendants deny the allegations of paragraph 35.

36. Intervenor-Defendants allege that the source cited in paragraph 36 speaks for itself.

37. Intervenor-Defendants allege that the source cited in paragraph 37 speaks for itself.

38. Intervenor-Defendants allege that the source cited in paragraph 38 speaks for itself.

39. Intervenor-Defendants allege that the source cited in paragraph 39 speaks for itself. Intervenor-Defendants submit that the second sentence of paragraph 39 consists of legal conclusions to which no response is required. To the extent any facts are alleged, Intervenor-Defendants deny those.

40. Intervenor-Defendants allege that the source cited in paragraph 40 speaks for itself. Intervenor-Defendants submit that the remainder of paragraph 40 consists of legal

conclusions to which no response is required. To the extent any facts are alleged, Intervenor-Defendants deny those.

41. Intervenor-Defendants allege that the source cited in paragraph 41 speaks for itself.

42. Intervenor-Defendants allege that the source cited in paragraph 42 speaks for itself.

43. Intervenor-Defendants deny the allegations of paragraph 43.

44. Intervenor-Defendants submit that paragraph 44 consists of legal conclusions to which no response is required. To the extent any facts are alleged, Intervenor-Defendants deny those. Intervenor-Defendants specifically deny that all-mail elections in California will lack extensive qualifications and protections.

45. Intervenor-Defendants submit that paragraph 45 consists of legal conclusions to which no response is required. To the extent any facts are alleged, Intervenor-Defendants deny those. Intervenor-Defendants specifically deny that all-mail elections in California will lack extensive qualifications and protections.

46. Intervenor-Defendants deny the allegations of paragraph 46.

47. Intervenor-Defendants deny the allegations of paragraph 47.

48. Intervenor-Defendants deny the allegations of paragraph 48.

49. Intervenor-Defendants deny the allegations of paragraph 49.

50. Intervenor-Defendants deny the allegations of paragraph 50.

51. Intervenor-Defendants deny the allegations of paragraph 51.

52. Intervenor-Defendants deny the allegations of paragraph 52.

53. Intervenor-Defendants lack sufficient information and belief about and, on that basis, deny the allegations of the first sentence of paragraph 53. Intervenor-Defendants deny the remaining allegations of paragraph 53.

54. Intervenor-Defendants lack sufficient information and belief about and, on that basis, deny the allegations of paragraph 54.

55. Intervenor-Defendants lack sufficient information and belief about and, on that basis, deny the allegation that Plaintiffs Griffin and Bolotin intend to vote in the November 2020 election. Intervenor-Defendants deny the remaining allegations of paragraph 55.

56. Intervenor-Defendants submit that paragraph 56 consists of legal conclusions to which no response is required. To the extent any facts are alleged, Intervenor-Defendants deny those. Intervenor-Defendants specifically deny that Plaintiffs will suffer any injury as a result of the Order.

57. Intervenor-Defendants submit that paragraph 57 consists of legal conclusions to which no response is required. To the extent any facts are alleged, Intervenor-Defendants deny those.

58. Intervenor-Defendants submit that paragraph 58 consists of legal conclusions to which no response is required. To the extent any facts are alleged, Intervenor-Defendants deny those.

59. Intervenor-Defendants submit that paragraph 59 consists of legal conclusions to which no response is required. To the extent any facts are alleged, Intervenor-Defendants deny those.

60. Intervenor-Defendants submit that paragraph 60 consists of legal conclusions to which no response is required. To the extent any facts are alleged, Intervenor-Defendants deny those.

61. Intervenor-Defendants submit that paragraph 61 consists of legal conclusions to which no response is required. To the extent any facts are alleged, Intervenor-Defendants deny those.

**COUNT I**

*(Violation of Elections Clause and 42 U.S.C. § 1983)*

62. Intervenor-Defendants incorporate their responses to all the prior allegations.

63. Intervenor-Defendants submit that paragraph 63 consists of legal conclusions to which no response is required. To the extent any facts are alleged, Intervenor-Defendants deny those.

64. Intervenor-Defendants submit that paragraph 64 consists of legal conclusions to which no response is required. To the extent any facts are alleged, Intervenor-Defendants deny those.

65. Intervenor-Defendants submit that paragraph 65 consists of legal conclusions to which no response is required. To the extent any facts are alleged, Intervenor-Defendants deny those.

66. Intervenor-Defendants deny the allegations of paragraph 66.

**COUNT II**

*(Violation of Electors Clause and 42 U.S.C. § 1983)*

67. Intervenor-Defendants incorporate their responses to all the prior allegations.

68. Intervenor-Defendants submit that paragraph 68 consists of legal conclusions to which no response is required. To the extent any facts are alleged, Intervenor-Defendants deny those.

69. Intervenor-Defendants submit that paragraph 69 consists of legal conclusions to which no response is required. To the extent any facts are alleged, Intervenor-Defendants deny those.

70. Intervenor-Defendants submit that paragraph 70 consists of legal conclusions to which no response is required. To the extent any facts are alleged, Intervenor-Defendants deny those.

71. Intervenor-Defendants deny the allegations of paragraph 71.

**COUNT III**

*(Violation of Due Process Clause Under 14th Amendment and 42 U.S.C. § 1983)*

72. Intervenor-Defendants incorporate their responses to all the prior allegations.

73. Intervenor-Defendants submit that paragraph 73 consists of legal conclusions to which no response is required. To the extent any facts are alleged, Intervenor-Defendants deny those.

74. Intervenor-Defendants submit that paragraph 74 consists of legal conclusions to which no response is required. To the extent any facts are alleged, Intervenor-Defendants deny those.

75. Intervenor-Defendants deny the allegations of paragraph 75.

**COUNT IV**

*(*Ultra Vires *Under State Law)*

76. Intervenor-Defendants incorporate their responses to all the prior allegations.

77. Intervenor-Defendants submit that paragraph 77 consists of legal conclusions to which no response is required. To the extent any facts are alleged, Intervenor-Defendants deny those.

78. Intervenor-Defendants submit that paragraph 78 consists of legal conclusions to which no response is required. To the extent any facts are alleged, Intervenor-Defendants deny those.

79. Intervenor-Defendants submit that paragraph 79 consists of legal conclusions to which no response is required. To the extent any facts are alleged, Intervenor-Defendants deny those.

80. Intervenor-Defendants submit that paragraph 80 consists of legal conclusions to which no response is required. To the extent any facts are alleged, Intervenor-Defendants deny those.

81. Intervenor-Defendants deny the allegations of paragraph 81.

82. Intervenor-Defendants deny the allegations of paragraph 82.

WHEREFORE, Intervenor-Defendants ask this Court to enter judgment in their favor and against Plaintiffs and provide the following relief:

1. A declaratory judgment that Executive Order N-64-20 does not violate the Elections Clause, the Electors Clause, or the Fourteenth Amendment and is not ultra vires.

2. Intervenor-Defendants' reasonable costs and expenses; and

3. Such other and further relief as the Court deems just and proper.

Dated: June 17, 2020

PUBLIC COUNSEL

By: /s/ Mark D. Rosenbaum (as authorized on 6/17/20)

Mark D. Rosenbaum
Kathryn Eidmann
Jesselyn Friley
610 S. Ardmore Avenue
Los Angeles, California 90005
Telephone: (213) 385-2977
Facsimile: (213) 385-9089
Email: mrosenbaum@publiccounsel.org
keidmann@publiccounsel.org
jfriley@publiccounsel.org

LAWYERS' COMMITTEE FOR CIVIL RIGHTS

By:/s/ Jon Greenbaum (as authorized on 6/17/20)

Jon Greenbaum
Ezra Rosenberg
Pooja Chaudhuri
Bradley S. Phillips
1500 K Street NW
Washington, DC 20005
Telephone: (202) 662-8600
Facsimile: (202) 783-0857
Email: jgreenbaum@lawyerscommittee.org
erosenberg@lawyerscommittee.org
pchaudhuri@lawyerscommittee.org
bphillips@lawyerscommittee.org

MANATT, PHELPS & PHILLIPS, LLP

By: /s/ John Libby

John Libby
2049 Century Park East
Suite 1700
Los Angeles, CA 90067
Telephone: (310) 312-4000
Facsimile: (310) 312-4224
Email: JLibby@manatt.com

MANATT, PHELPS & PHILLIPS, LLP
Christopher L. Wanger
One Embarcadero Center, 30th Floor
San Francisco, California 94111
Telephone: (415) 291-7400
Facsimile: (415) 291-7474
Email: CWanger@manatt.com

Attorneys for Intervenor-Defendants, CALIFORNIA COMMON CAUSE, LEAGUE OF WOMEN VOTERS OF CALIFORNIA and COMMUNITY COALITION