SONJA DIAZ (CA Bar No. 298138)
sonjadiaz@luskin.ucla.edu
UCLA Voting Rights Project
UCLA Luskin School of Public Affairs
3250 Public Affairs Bldg.
337 Charles E. Young Dr,
Los Angeles, California
Telephone: (310)-794-9498

**LUIS ROBERTO VERA, JR. (TX Bar no. 20546740)
Lrvlaw@sbcglobal.net
LULAC, National General Counsel
111 Soledad, Suite 1325
San Antonio, TX 78205
Telephone: (210) 225-3300

*CHAD W. DUNN (TX Bar No. 24036507)
chad@brazilanddunn.com
Director, UCLA Voting Rights Project
Brazil & Dunn, LLP
4407 Bee Caves Road, Suite 111
Austin, Texas 78746
Telephone: (512) 717-9822

*Pro Hac Vice Application Granted
** Pro Hac Vice Application Forthcoming

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREL ISSA, JAMES B. OERDING, JERRY GRIFFIN, MICHELLE BOLOTIN, AND MICHAEL SIENKIEWICZ<br><br>Plaintiff,<br><br>vs.<br><br>GAVIN NEWSOM, IN HIS OFFICIAL CAPACITY AS GOVERNOR OF CALIFORNIA; AND ALEX PADILLA, IN HIS OFFICAL CAPACITY AS CALIFORNIIA SECRETARY OF STATE<br><br>Defendant,<br><br>DCC and California Democratic Party,<br>Intervenor- Defendant,<br><br>League of United Latin American Citizens and California League of Latin American Citizens,<br>Proposed Intervenor-Defendants, | Case No.: 2:20-cv-01044-MCE-CKD<br><br>**REPLY TO PLAINTIFF'S OPPOSITION TO PROPOSED INTERVENOR'S MOTION TO INTERVENE**<br><br>**DATE: JULY 9, 2020**<br>**TIME: 2:00 PM**<br>**COURTROOM: 7, 14TH FLOOR**<br>**JUDGE: HON. MORRISON C. ENGLAND, JR.** |

This Court should grant LULAC and California LULAC's ("Movants" or "Proposed Intervenors") Motion to Intervene.

Plaintiffs endeavor to undo Defendants' efforts to make voting easier and safer amid the COVID-19 pandemic. Because Proposed Intervenors' have unique interests in this litigation, they seek to intervene. In their Motion to Intervene as defendants, Proposed Intervenors demonstrated that they satisfy the requirements for permissive intervention under Rule 24(b). Plaintiffs oppose, *see* Pls.' Motion to Opp. Motion to Int., largely by presenting inapt arguments and mischaracterizing the applicable legal standards. But ultimately, "courts generally 'construe [Rule 24] broadly in favor of proposed intervenors,'" *Conservation Cong. v. U.S. Forest Serv.*, No. 2:16-cv-00864-MCE-AC, 2018 WL 529484, at *1 (E.D. Cal. Jan. 23, 2018) (quoting *United States v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002)), and for the reasons discussed in their motion and below, Proposed Intervenors easily satisfy Rule 24(b)'s requirements.[1]

## Argument

**I.     Proposed Intervenors satisfy the requirements for permissive intervention under Rule 24(b).**

**a.     Movants' intervention is timely and will not prolong this litigation.**

While the Plaintiffs concede that Proposed Intervenors' application is timely, Plaintiffs' Opp. Motion to Int. at 4, Plaintiffs cite "inevitable inefficiency" if Movants were permitted to intervene. Pls.' Opp. Motion to Int. at 12. To the contrary, Proposed Intervenors share Plaintiffs' strong interest in the swift resolution of this action to ensure that Defendants have enough time

---

[1] Proposed Intervenors understand a mistake was made incorporating factual allegations from a related complaint. They apologize for this error and any burden it imposes on the Court or the parties.

1  to allow every California voter to cast a ballot in the Election. Movants have already indicated

2  that they do not seek to add claims to the case. *See* Motion to Int. at 7. Given the legal and

3  factual shortcomings of Plaintiffs' claims, Proposed Intervenors are confident that their

4  intervention in this case, and the filings that will follow, will facilitate—not impede—the

5  expeditious resolution of this litigation.

6   

7         **b.**     **Proposed Intervenors have demonstrated significantly protectable interests that are sufficiently related to the claims at issue in this litigation.**

8   

9         The Plaintiffs need not "guess," Pls.' Opp. Motion to Int. at 6, whether the Proposed

10  Intervenors have claims and defenses which share common questions of law and fact with the

11  case; Movants and the Ninth Circuit provide a clear answer. The Ninth Circuit's analysis of this

12  question examines whether "'there is a relationship between the legally protected interest and

13  the claims at issue' such that the intervenor may 'suffer a practical impairment of its interests as

14  a result of the pending litigation.'" *W. States Trucking*, 2018 WL 5920148, at *2 (second

15  alteration in original) (*quoting Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1179 (9th

16  Cir. 2011)). "[T]he requisite interest need not be direct as long as it may be impaired by the

17  outcome of the litigation." *Cal. Dump Truck Owners Ass'n v. Nichols*, 275 F.R.D. 303, 306

18  (E.D. Cal. 2011). Proposed Intervenors easily meet this standard. Should Plaintiffs prevail, the

19  voters that Movants represent will have their voting rights harmed, constituting a "legally

20  protected interest," *States Trucking*, 2018 WL 5920148, at *2, which will be "impaired by the

21  outcome of the litigation," *Cal. Dump Truck Owners Ass'n v. Nichols*, 275 F.R.D. at 306. As an

22  example of a defense related to the claims at issue in this litigation, Proposed Intervenors

23  contend that Defendants acted lawfully when they expanded mail voting to make democratic

24  participation easier and safer amid COVID-19.

25   

26   

27   

28   

Plaintiffs apparently mistakenly believe that Proposed Intervenors must "affirmatively allege…counter or cross claim[s]" in order to intervene. *See* Pls.' Opp. Motion to Int. at 6. Plaintiffs cannot cite a single case for this remarkable proposition, *see id.* at 5-6, because this is a mistaken view of the requirements for intervention. Instead, "[a]n applicant generally satisfies the 'relationship' requirement…if the resolution of the plaintiff's claims actually will affect the applicant." *Donnelly v. Glickman*, 159 F.3d 405, 410 (9th Cir.1998) (*citing Montana v. United States Envtl. Protection Agency*, 137 F.3d 1135, 1141–42 (9th Cir.1998)). Movants are not required to lay bare for Plaintiffs the legal theories with which Movants might challenge an unfavorable outcome to this litigation in order to intervene.

   c.    **The Court has independent jurisdiction over Proposed Intervenor's claims and defenses.**

Plaintiffs do not challenge that the Court has independent jurisdiction over Proposed Intervenor's claims or defenses; instead, they lament that it is "difficult to address whether the Court has jurisdiction," and even that they "cannot" address the matter. Pls.' Opp. Motion to Int. at 6. The source of Plaintiffs' confusion is unclear. The requirement that the proposed intervenor demonstrate an independent basis for jurisdiction "does not apply to proposed intervenors in federal-question cases when the proposed intervenor is not raising new claims." *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 844 (9th Cir. 2011). Since the Proposed Intervenors are not raising new claims, *see* Motion to Int. at 9, the independent jurisdiction requirement does not prevent intervention. *Id.*

**II.    Proposed Intervenors easily meet their burden of showing inadequacy of representation.**

Plaintiffs urge the Court to reject Proposed Intervenors' Motion despite the fact that Movants satisfy the requirements for permissive intervention under Rule 24(b). First, they argue

REPLY TO THE OPPOSITION TO MOTION TO INTERVENE                                    4

that Proposed Intervenors must meet an elevated burden as to whether existing representation is adequate. Pls.' Opp. Motion to Int. at 7. While the burden of showing inadequacy of representation is usually "minimal," *Mont. Wilderness Ass'n*, 647 F.3d at 898 (*citing Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003)), Plaintiffs raise two cases to suggest that Proposed Intervenors face a presumption of adequacy of representation. Pls.' Opp. Motion to Int. at 7.

If Proposed Intervenors must meet this elevated burden, Plaintiffs overstate its weight. Intervening parties have had no trouble overcoming this presumption of adequacy in this Court when the parties' interests are not "identical." *See Nichols*, 275 F.R.D. at 308 (E.D. Ca. 2011) ("[i]f the applicant's interest is identical to that of one of the present parties, a compelling showing should be required to demonstrate inadequate representation."). In *Nichols*, this Court found that even if parties "share the same 'ultimate objective,'" namely defending a regulation against Plaintiff's preemption argument, harboring some interests potentially divergent or adverse to those of the existing parties' interests were sufficient to overcome this presumption. *Id.* at 308 (*citing  Sw. Ctr. for Biological Diversity v. Berg,* 268 F.3d 810, 823 (9th Cir.2001) (presumption of adequacy can be overcome by showing the parties "do not have sufficiently congruent interests")). This Court granted the intervening party in *Nichols* intervention as a matter of right and recognized that permissive intervention was proper as well. *Nichols*, 275 F.R.D. at 309 (E.D. Ca. 2011).

Courts have regularly found representation to be inadequate where, as here, the government must speak to a broader set of interests than that represented by the proposed Defendant Intervenors. *See e.g., Trbovich v. United Mine Workers*, 404 U.S. 528, 538-39 (1972); *Forest Conservation Council v. U.S. Forest Service*, 66 F.3d 1489, 1499 (9th Cir. 1995),

*overruled on other grounds by Wilderness Soc'y*, 630 F.3d at 1180; *Californians For Safe & Competitive Dump Truck Transp. v. Mendonca*, 152 F.3d 1184, 1190 (9th Cir. 1998) (determining that when proposed intervenors' interests are "potentially more narrow and parochial than the interests of the public at large," there are grounds to show that state agencies' representation of their interests "may [be] inadequate."); *accord Citizens for Balanced Use*, 647 F.3d at 899 ("[T]he government's representation of the public interest may not be 'identical to the individual parochial interest' of a particular group just because 'both entities occupy the same posture in the litigation.'") (quoting *WildEarth Guardians v. U.S. Forest Serv.*, 573 F.3d 992, 996 (10th Cir. 2009))); *cf. Paher v. Cegavske*, No. 3:20-cv-00243-MMD-WGC, 2020 WL 2042365, at *3 (D. Nev. Apr. 28, 2020) (concluding that "Proposed Intervenors . . . have demonstrated entitlement to intervene as a matter of right" where they "may present arguments about the need to safeguard [the] right to vote that are distinct from Defendants' arguments").  Representation is "frequently" deemed inadequate when "when one group of citizens sues the government, challenging the validity of laws or regulations, and the citizens who benefit from those laws or regulations wish to intervene and assert their own, particular interests rather than the general, public good." James Wm. Moore et al., Moore's Federal Practice § 24.03(4)(a) (3rd ed. 2010).

Proposed Intervenors bring perspectives that are not otherwise represented by parties to this case. State Defendants and other intervening parties are focused on what is politically advantageous or best for all voters in California, while Proposed Intervenors are the *only* party steadfastly focused on access to the vote for the Latino community, a more "narrow and parochial" interest. *Mendonca*, 152 F.3d at 1190.  Proposed Intervenors bring these distinct and particularized interests, especially those of naturalized citizens who want access to convenient

REPLY TO THE OPPOSITION TO MOTION TO INTERVENE                                    6

mail voting. Proposed Intervenors' experience advocating for this community equips them to make forceful arguments in favor of the voting rights of Latino citizens and other communities of color most at risk in California of COVID-19 and to argue for an expansive view of the State's obligations under the law that goes further than what other parties may be willing to concede. Latino and Hispanic persons are at a higher risk of contracting and dying from COVID-19 if not provided with a mail ballot.[2] As of May 27, 2020, Latinos comprise 54.5% of all of California's reported COVID-19 cases.[3] It is well documented that Latino voters are less likely to access vote-by-mail than the general population in California.[4] Movants' familiarity with these disparities and experience advocating on their behalf allow them to bring critically unrepresented perspectives to this litigation. While the Defendants and other intervening parties share the broad goal of maximizing democratic participation in California, Movants' interest in this goal is driven by their missions to amplify the voices of particular communities in that process. These divergent interests with the existing parties are far from speculative.

Plaintiffs also argue that Proposed Intervenors will prejudice Plaintiffs by expanding the number of parties, Pls.' Opp. Motion to Int. at 11-13, a concern this Court has ignored in the past. *See Cal. Dump Truck Owners Ass'n v. Nichols*, 275 F.R.D. 303, 309 (E.D. Cal. 2011) (granting motion to intervene where "Plaintiff's only arguments in opposition to permissive

_____

[2] Corin Hoggard, *California's Hispanic Community Is Being Hit the Hardest By COVID-19, Data Shows*, ABC 7 (May 8, 2020), https://abc7news.com/california-hispanic-covid-latino-coronavirus-racist/6164396; Joaquin Palomino and Tatiana Sanchez, Latino's Coronavirus Burden, S.F. CHRON. (May 8, 2020). https://www.sfchronicle.com/bayarea/article/Bay-Area-Latinos-hit-hardest-by-coronavirus-15252632.php.
[3] CAL. DEPT. OF PUB. HEALTH, *COVID-19 Race and Ethnicity Data*, (June 17, 2020) https://www.cdph.ca.gov/Programs/CID/DCDC/Pages/COVID-19/Race-Ethnicity.aspx (last visited May 27, 2020).
[4] California Civic Engagement Project, *The California Voter Experience: Vote-by-Mail vs. the Polls*, UC Davis Center for Regional Change (July 2016) https://static1.squarespace.com/static/57b8c7ce15d5dbf599fb46ab/t/57ffe6bfe3df28f75af48b3b/1476388544252/UCDavisCCEPCVEBrief1.pdf (last visited June 17, 2020).

intervention are that the [intervening party] will add nothing of substance to the litigation of th[e] matter and that Plaintiff will be prejudiced by having to litigate against [the state] and a 'well-funded, nationwide organization.'").  Whatever credit would be given this argument is overtaken by Proposed Intervenors' agreement to join briefing with other intervenor parties.

### Conclusion

For these reasons, along with those stated in their motion, Proposed Intervenors respectfully request that the Court grant their Motion to Intervene and permit them to intervene under Rule 24(b).

DATED this 19th day of June, 2020,                          Respectfully submitted,

By: */s/ Chad Dunn*
Chad Dunn

Sonja Diaz
California State Bar No. 298138
UCLA Voting Rights Project
UCLA Luskin School of Public Affairs
3250 Public Affairs Bldg
337 Charles E. Young Dr
Los Angeles, CA 90095
sonjadiaz@luskin.ucla.edu

*Chad W. Dunn
Director, UCLA Voting Rights Project
Texas State Bar No. 24036507
Brazil & Dunn, LLP
4407 Bee Caves Road, Suite 111
Austin, Texas 78746
Telephone: (512) 717-9822
chad@brazilanddunn.com

**Luis Roberto Vera, Jr.
Texas State Bar No. 0546740
LULAC, National General Counsel
111 Soledad, Suite 1325
San Antonio, TX 78205
Telephone: (210) 225-3300
Lrvlaw@sbcglobal.net

*Attorneys for Proposed Intervenor-
Defendants LULAC and California LULAC*

*Pro Hac Vice Application Granted
** Pro Hac Vice Application Forthcoming*

1

## <u>CERTIFICATE OF SERVICE</u>

2

      I hereby certify that on this 19th day of June, 2020 a true and correct copy of the

3

foregoing Notice of Reply to the Opposition to Motion to Intervene as Defendants, and Reply to

4

the Opposition to Motion to Intervene as Defendants, submitted herewith, was served via the

5

United State District Court's CM/ECF system on all parties or person requiring notice.

6

7

                                By: */s/ Chad Dunn*

8

                                   Chad Dunn
                           Director of Litigation

9

                     **UCLA Voting Rights Project**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28