UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL ISSA, et al., | No. 2:20-cv-01044-MCE-CKD |
| Plaintiffs, | |
| v. | **ORDER** |
| GAVIN NEWSOM, in his official capacity as Governor of the State of California, et al., | |
| Defendants. | |
| DEMOCRATIC CONGRESSIONAL CAMPAIGN COMMITTEE, et al., | |
| Intervenor-Defendants. | |

On May 8, 2020, California Governor Gavin Newsom issued Executive Order N-64-20, which requires all California counties to implement all-mail ballot elections for the November 3, 2020, federal elections ("Executive Order"). By way of the above-captioned related actions, Plaintiffs seek to enjoin enforcement of that Executive Order by Defendants, Governor Newsom and California's Secretary of State Alex Padilla. Plaintiffs include one congressional candidate and four individual California voters, including members of the Republican, Democratic, and Independent Parties. The Democratic Congressional Campaign Committee and the Democratic Party of California intervened as a matter of right as Intervenor-Defendants. ECF No. 31.

Presently before the Court are two Motions to Intervene as Defendants by two sets of proposed intervenors: (1) California Common Cause, the League of Women Voters of California, and Community Coalition (collectively, "Common Cause"), ECF No. 33; and (2) League of United Latin American Citizens and California League of United Latin American Citizens (collectively, "LULAC"), ECF No. 41. Both Motions, which Plaintiffs oppose, seek permissive intervention under Federal Rule of Civil Procedure 24(b).[1] For the reasons set forth below, Common Cause and LULAC's Motions are DENIED.[2]

Under Rule 24(b)(1), a party may be given permission by the court to intervene if that party shows "(1) independent grounds for jurisdiction; (2) the motion is timely filed; and (3) the applicant's claim or defense, and the main action, have a common question of law or a question of fact in common." Northwest Forest Res. Council v. Glickman, 82 F.3d 825, 839 (9th Cir. 1996). "Even if an applicant satisfies those threshold requirements, the district court has discretion to deny permissive intervention." Donnelly v. Glickman, 159 F.3d 405, 412 (9th Cir. 1998); see Spangler v. Pasadena City Bd. of Educ., 552 F.2d 1326, 1329 (9th Cir. 1977) (providing list of discretionary factors the district court may consider in deciding whether to grant permissive intervention).

The Court finds that both Common Cause and LULAC have met the threshold requirements under Rule 24(b)(1). First, both Motions to Intervene are timely because they were filed before any substantive proceedings have occurred. Second, the jurisdictional requirement is met because this case arises under federal question jurisdiction and both Common Cause and LULAC do not assert any new claims. See Freedom from Religion Found., Inc. v. Geithner, 644 F.3d 836, 844 (9th Cir. 2011). Finally, there are common questions of law and fact because Common Cause and LULAC seek to defend the constitutionality of the Executive Order.

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure, unless otherwise noted.

[2] Because oral argument would not have been of material assistance, the Court ordered these matters submitted on the briefs. See E.D. Local Rule 230(g).

Although the threshold requirements have been met, however, the Court finds the discretionary factors weigh against intervention.  Both Common Cause and LULAC assert that they are non-partisan organizations that represent a broad range of voters and have experience in advocating for voting rights, thus they can assist the Court in its decision as to whether the Executive Order is constitutional and whether it impedes on the right to vote.  However, neither group demonstrates what new evidence or arguments they will present that differ from those of the existing Defendants.  See Spangler, 552 F.2d at 1329 (considering "whether parties seeking intervention will significantly contribute to the full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented").  The specific issue before the Court is whether the Executive Order violates the Elections and Electors Clauses, but neither Common Cause nor LULAC have identified any arguments that Defendants or Intervenor-Defendants will fail to assert on this issue.

Furthermore, Common Cause and LULAC fail to show how the existing Defendants and Intervenor-Defendants will not adequately represent their interests given that they share the same objective and interests, including the health risks surrounding in-person voting and the allocation of limited resources to inform voters about the election procedures.  See Spangler, 552 F.2d at 1329 (considering "whether the intervenors' interests are adequately represented by other parties").  The fact that Common Cause and LULAC represent a broader range of voters is insufficient to overcome the fact that they raise the same concerns and arguments as the existing Defendants.  Therefore, the Court declines to grant permissive intervention to both Common Cause and LULAC.  However, given their knowledge and experience on these matters, the Court finds that both groups can still contribute to this case through the filing of amicus briefs.

For the reasons set forth above, Common Cause and LULAC's Motions to Intervene, ECF Nos. 33 and 41, are DENIED.  Common Cause and LULAC may, but are not required to, file amicus briefs within fourteen (14) days following the date this Order

3

is electronically filed and shall not exceed ten (10) pages.  The parties' responses, if any, to the amicus briefs shall be filed not later than seven (7) days after the amicus briefs are filed and shall not exceed ten (10) pages.  No reply will be permitted.

IT IS SO ORDERED.

Dated:  June 22, 2020

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE