GOODWIN PROCTER LLP
Monte Cooper (SBN 196746)
mcooper@goodwinlaw.com
601 Marshall St.
Redwood City, California 94063
Telephone: (650) 752-3100
Facsimile: (650) 853-1038

Cindy Chang*
cindychang@goodwinlaw.com
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 813-8800
Facsimile: (212) 355-3333

Sophie B. Duffy*
sduffy@goodwinlaw.com
100 Northern Avenue
Boston, MA 02210
Telephone: (212) 813-8800
Facsimile: (212) 355-3333
*Pro hac vice application to be filed

Attorneys for ACLU of Northern California,
ACLU of Southern California, and
ACLU of San Diego & Imperial
Counties (collectively, ACLU-CA)

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DARRELL ISSA, JAMES B. OERDING, JERRY GRIFFIN, MICHELLE BOLOTIN, and MICHAEL SIENKIEWICZ,<br><br>*Plaintiffs*,<br>v.<br><br>GAVIN NEWSOM, in his official capacity as Governor of California; and ALEX PADILLA, in his official capacity as California Secretary of State,<br><br>*Defendants*. | **Case No. 2:20-cv-01044-MCE-CKD**<br><br>**ACLU-CA's MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF** |

The American Civil Liberties Union of Northern California ("ACLU of Northern California"), the American Civil Liberties Union of Southern California ("ACLU of Southern California"), and the Americans Civil Liberties Union of San Diego & Imperial Counties ("ACLU-SDIC") (collectively, "ACLU-CA")[1], by and through its undersigned counsel, respectfully move for leave of court to file an *amicus curiae* brief on or before July 23, 2020 in the above-captioned case, and in the related matter *Republican National Committee, et al., v. Gavin Newsom, et. al.*, Case No. 2:20-cv-01055-MCE-CKD.

In support of this motion, amici state the following:

1. The American Civil Liberties Union ("ACLU") is a nationwide, nonprofit, nonpartisan organization with millions of members, dedicated to defending the civil liberties guaranteed by the state and federal constitutions. ACLU-CA consists of 3 affiliate organizations, ACLU of Northern California, ACLU of Southern California, and ACLU-SDIC. These three affiliate organizations collectively serve the State of California.

2. ACLU-CA defends the equal right of all California voters, and particularly underrepresented and historically disenfranchised voters to have meaningful and fair access in the electoral process. As part of its work, ACLU-CA educates the public, supports legislation that protects voter rights, and participates in litigation to enforce those rights. For example, in *La Follette v. Padilla*, ACLU of Northern California won a lawsuit against the state of California for invalidating the vote-by-mail ballots of tens of thousands of voters without adequate due process protections. ACLU-CA also participated in a working group convened by Secretary of State Alex Padilla to help develop

---

[1] ACLU-CA anticipates that other organizations may join the *amicus curiae* brief. However, at this time, this motion is being brought solely by ACLU-CA.

ACLU-CA's MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF

recommendations to ensure that the November 2020 election is safe and accessible in light of COVID-19 and did advocacy to strengthen and pass of Assembly Bill 860 ("AB 860"). Given its experience, ACLU-CA believes it has a unique perspective that it can bring to the issues in this case and in Case No. 2;20-cv-01055-MCE-CKD.

3.  All parties in this case consent to ACLU-CA filing an *amicus curiae* brief. The Plaintiffs in Case No. 2:20-cv-01055-MCE-CKD have not indicated whether they too consent to ACLU-CA filing an *amicus curiae* brief in that action.

4.  On June 11, 2020, Plaintiffs in the above-captioned action filed a motion for a preliminary injunction to enjoin Executive Order N-64-20, which Governor Gavin Newsom issued to order the distribution of vote-by-mail ballots to all voters with active registrations for the November 3, 2020 general election. Plaintiffs' motion makes two principal arguments why they contend the Executive Order is unlawful. First, Plaintiffs argue that Executive Order N-64-20 violates the Election Clause, Art. I, § 4, cl. 1, and the Electors Clause, Art. II, § 1, cl. 2, of the United States Constitution, because Executive Order was ostensibly "not enacted pursuant to California's lawmaking power or some unique lawmaking function that is prescribed under the California constitution." *See* Dkt. No. 38-1, at 10; *see id.* at 10-12. Second, Plaintiffs argue that Governor Newsom lacks the power to enact Executive Order N-64-20 under the California Emergency Services Act, California Government Code § 8550, et seq. *Id.*, at 12-14.

5.  Just one week after Plaintiffs filed their motion, on June 18, 2020, the California state legislature passed AB 860, which was signed into law by Governor Newsom the same day. AB 860 codified the same provisions in

ACLU-CA's MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF

Executive Order N-64-20 that require counties to send all voters with active registrations vote-by-mail ballots for the November 3, 2020 general election.

6. Citing the passage of AB 860, Defendants filed an opposition to Plaintiffs' motion for preliminary injunction on June 25, 2020, pointing out that the passage of this legislation renders Plaintiffs' motion entirely moot. Intervenor Defendant the Democratic Congressional Campaign Committee likewise filed a brief setting forth the same position.

7. On June 26, 2020, counsel for ACLU-CA contacted all counsel for the parties representing the Plaintiffs and Defendants in this action, as well as the Intervenors, Plaintiffs, and Defendants in the related matter *Republican National Committee, et al., v. Gavin Newsom, et. al.*, Case No. 2:20-cv-01055-MCE-CKD. ACLU-CA inquired as to two issues: (1) whether the parties consented to ACLU-CA filing an *amicus curiae* brief in both actions, if they contended that the motion was not moot; and (2) whether the parties could advise the ACLU-CA whether or not they agreed the motion now was moot.

8. In an email dated June 29, 2020, counsel for Plaintiffs indicated that they did not oppose ACLU-CA filing such an *amicus curiae* brief on or before July 7, 2020. However, while they indicated that they did not agree with the positions stated by Defendants and Intervenors, they also would not state whether they considered their motion to be moot or offer their reasons why it was not. Counsel for the Plaintiffs in Case No. 2:20-cv-01055-MCE-CKD never responded to ACLU-CA's inquiries.

9. Plaintiffs' reply brief in support of their Motion for Preliminary Injunction is not due until July 9, 2020. ACLU-CA has no interest in filing any kind of *amicus curiae* brief if the motion has, in fact, been rendered moot by the passage of AB 860 by the California legislature and enactment into law. On the

ACLU-CA's MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF

other hand, if live issues remain, ACLU-CA would like to provide its unique and important perspective on those issues.

10. ACLU-CA does not seek to intervene as a party. Instead, ACLU-CA intends to assist the Court's consideration of any live issues remaining and presented in the pending Motion for Preliminary Injunction by providing additional context and facts based on ACLU-CA's experience working to support voter rights. Permitting ACLU-CA to file an amicus brief will therefore not cause any delay in the proceedings or prejudice to any party, but will assist the Court in deciding the issues.

11. It is unclear now, however, why the current issues as set forth in the motion for preliminary injunction have not been mooted by the passage of AB 860. Plaintiffs' position on that issue will not be publicly available until July 9, 2020. Therefore, ACLU-CA requests that the Court grant leave for ACLU-CA to file an *amicus* brief on or before July 23, 2020, which is two weeks after Plaintiffs file their reply. Alternatively, if Plaintiffs file a new preliminary injunction motion, ACLU-CA requests that the Court grant leave for ACLU-CA to file an *amicus* curiae brief within two weeks after such motion is filed. ACLU-CA does not object to Plaintiffs being offered an opportunity to respond to ACLU-CA's *amicus curiae* brief, if the Court deems such a response to be warranted.

12. WHEREFORE, ACLU-CA respectfully requests leave to file an *amicus curiae* brief on or before July 23, 2020 or, alternatively, within two (2) weeks following when Plaintiffs file any new motion for preliminary injunction.

ACLU-CA's MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF

4

| | |
|---|---|
| Dated: July 2, 2020 | GOODWIN PROCTER LLP |
| | By: */s/ Monte Cooper* |
| | Monte Cooper |
| | Monte Cooper (CA SBN 196746)<br>mcooper@goodwinlaw.com<br>601 Marshall St.<br>Redwood City, California 94063<br>Telephone: 650.752.3100<br>Facsimile: 650.853.1038 |
| | *Counsel for ACLU of Northern California, ACLU of Southern California, and ACLU of San Diego and Imperial Counties* |

ACLU-CA's MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF

5

## CERTIFICATE OF SERVICE

I, Monte Cooper, hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Eastern District of California by using the CM/ECF system on July 2, 2020. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed July 2, 2020.

*/s/ Monte Cooper*
Monte Cooper (CA SBN 196746)
mcooper@goodwinlaw.com

*Counsel for ACLU of Northern California, ACLU of Southern California, and ACLU of San Diego and Imperial Counties*

ACLU-CA's MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF